**Lené JORDAN, Appellant (Plaintiff),**

v.

**Chris Allen BRACKIN, Appellee (Defendant).**

No. 98–237.

Supreme Court of Wyoming.

Dec. 14, 1999.

Representing Appellant: Kenneth S. Cohen, Jackson, WY.

Representing Appellee: Mark W. Harris of the Harris Law Firm, Evanston, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Appellant Lené Jordan (Mother) appeals the trial court's order denying her motion for an increase in child support. From the limited record before us, we find no abuse of

discretion by the trial court in denying the motion and affirm.

## ISSUES

We discern the following issues for review:

I. Whether the trial court abused its discretion in miscalculating the parties' respective monthly net income;

II. Whether the trial court abused its discretion in concluding that Father's deferred compensation is not income for purposes of child support; and

III. Whether the trial court abused its discretion in the manner in which it applied the child support guidelines.

## FACTS

Mother and Father were married in Teton County in 1981. The parties were divorced in 1988, briefly remarried in 1992, and divorced again in October 1992. Two children were born of the marriage prior to the parties' marital difficulties. At the time of the divorce in October 1992, both lived in Jackson, they shared physical custody of the children, and they agreed to equally share the expenses incurred in support and maintenance of the children so long as both continued to live within 100 miles of each other.

In 1994, Father moved to Evanston. The children remained with Mother in Jackson and, pursuant to an Amendment to Settlement Agreement, Father began paying $250.00 per month to Mother for support of the children. On January 4, 1995, Mother filed a Motion to Modify Child Support. Following unsuccessful mediation efforts, Father filed a Reply and Counterpetition on May 8, 1995, in which he sought custody of the children and payment of child support from Mother. Thereafter, following reassignment of the case, various proceedings relating to visitation and/or custody, the filing of another Motion for Support by Mother, and recusal of a second trial judge upon motion by Father, a hearing was held on Mother's motions for support on January 17, 1996. Following the hearing, on March 4, 1996, the trial court entered a Child Support Order in which it held the presumptive child support payable by Father pursuant to the statutory guide-

lines was $436.00 per month, but a deviation in support downward to $400.00 was appropriate because of Father's payment of premiums for the children's health insurance and costs of traveling to visit them.

On April 24 and 25, 1996, a custody hearing was held, and, on May 14, 1996, the trial court issued a decision letter ordering joint legal custody, with Mother as primary custodian, and reaffirming the March 4 Child Support Order. A Child Custody Order was entered on September 27, 1996, incorporating the decision letter.

On October 1, 1997, Mother filed a Motion for Adjustment of Child Support, requesting an increase in payments from $400.00 to $550.00 per month. A telephone hearing on the motion was conducted on December 9, 1997, supplemental pleadings were filed by the parties, and, on June 18, 1998, the trial court entered an Order Denying Motion for Adjustment of Child Support on the grounds that no substantial change of circumstances existed to warrant an increase in child support. Mother timely appealed the trial court order.

## STANDARD OF REVIEW

Decisions concerning child support are committed to the sound discretion of the trial court. *Reavis v. Reavis,* 955 P.2d 428, 431 (Wyo.1998); *Scherer v. Scherer,* 931 P.2d 251, 253–54 (Wyo.1997); *Triggs v. Triggs,* 920 P.2d 653, 656–57 (Wyo.1996); *Basolo v. Basolo,* 907 P.2d 348, 352 (Wyo.1995). We will not disturb such decisions unless we are convinced the trial court has abused its discretion. *Reavis,* 955 P.2d at 431 (quoting *Fink v. Fink,* 685 P.2d 34, 36 (Wyo.1984)).

In determining whether there has been an abuse of discretion, we focus on the "reasonableness of the choice made by the trial court." *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious. *Id.* (citing *Byerly v. Madsen,* 41 Wash.App.

495, 704 P.2d 1236 (1985)); *Basolo,* 907 P.2d at 353.

## DISCUSSION

### I. Calculation of Income

██ We must first determine whether there is sufficient evidence in the record to support the trial court's calculation of the parties' net income for purposes of the child support guidelines. In reviewing a challenge to the sufficiency of the evidence, we accept the evidence of the successful party as true and give all favorable inferences to that evidence, leaving out of consideration entirely the conflicting evidence of the unsuccessful party. *Fountain v. Mitros,* 968 P.2d 934, 936 (Wyo.1998) (citing *Cranston v. Cranston,* 879 P.2d 345, 351 (Wyo.1994)).

### A. Father's Income

Mother claims the trial court erred in calculating Father's income in that it failed to add back into the equation the monthly "other deduction" of $25.00 reflected on Father's pay stub. This deduction does appear on the pay stub attached to the financial affidavit submitted by Father. Although Mother's Supplement to Plaintiff's Motion for Adjustment of Child Support states that Father acknowledged during the December 9, 1997 hearing that the $25.00 amount is not a proper deduction under the Child Support Guidelines, no transcript of that hearing appears in the record before us. Father's Response to Plaintiff's Motion for Adjustment of Child Support does not address the issue. Mother again brought the issue to the trial court's attention in a letter dated May 21, 1998, prior to entry of the Order Denying Motion for Adjustment of Child Support.

Thus, the issue of the $25 "other deduction" was presented to the trial court on at least two occasions. For reasons that do not appear in the record, the trial court declined to find that the deduction was improper and did not add the $25 amount back into the equation to arrive at an adjusted figure for Father's net income. The trial court did, however, find other deductions taken by Father to be improper and added those

amounts back into the equation to arrive at an adjusted figure for Father's income.

██ Mother, as appellant, bears the burden of providing this court with a complete record on which to base a decision. *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996). Although she claims Father conceded during the hearing that the $25.00 was not a proper deduction, no transcript or approved statement of the hearing as authorized by W.R.A.P. 3.03 was provided. The trial court considered Mother's arguments with respect to improper deductions on at least two occasions. The trial court accepted some of those arguments and apparently rejected others, including the $25.00 "other deduction." Under these circumstances, we cannot assume the trial court's findings were unsupported by the evidence. *Feaster v. Feaster,* 721 P.2d 1095, 1096 (Wyo.1986). In the absence of a complete record, we must assume the evidence presented was sufficient to support the trial court's findings and cannot find an abuse of discretion. *Id.* Accordingly, we must affirm the trial court's finding with respect to the $25.00 "other deduction."

### B. Mother's Income

Mother claims the trial court erred in calculating her income when it assumed she receives 26 paychecks per year rather than the 24 paychecks she claims she actually receives. This assumption results in a monthly net income of $2047.43 compared to the monthly net income of $1889.94 claimed by Mother.

The trial court had before it calculations from both parties as to their respective net incomes. Mother submitted a financial affidavit stating that she is paid bi-weekly. Based upon that affidavit, Father submitted calculations reflecting a net income of $2047.43 ($944.97 × 26 ÷ 12) for Mother. In response, Mother asserted that Father's calculations were incorrect and again informed the trial court that her net monthly income is $1889.94. In his response to Mother's Motion for Adjustment of Child Support, Father adopted the $1889.94 figure as Mother's monthly net income. The trial court, subsequent to a hearing, entered an order

adopting the $2047.43 figure as representing Mother's monthly net income.

Appellant has failed, once again, to provide a transcript of that hearing reflecting the evidence presented. Accordingly, we are unable to say that the trial court's finding was not supported by the evidence. We must accede to the trial court's findings and assume the evidence presented was sufficient to support those findings. *Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo.1997). We cannot find an abuse of discretion.

## II. Deferred Compensation

■ We turn next to the question whether the trial court erred in concluding that Father's deferred compensation was not income for purposes of the Child Support Guidelines. Each pay period, Father's employer pays $107.00 into a fund on Father's behalf as deferred compensation.[1] The amount of the contribution is a mandatory 10% of Father's salary, and Father does not have the option of increasing or decreasing the amount. If Father declines the benefit, he receives no pay increase in lieu of the 10% contribution, nor does he receive the 10% contribution as part of his salary. The consequence is, simply, that no 10% contribution is made on behalf of Father. If Father accepts the benefit, Father is eligible to receive this deferred compensation only in the event of death, termination of employment, or an unforeseeable emergency. Mother argues that this deferred compensation is income within the meaning of the child support guidelines. The trial court concluded that it is not income, stating as follows:

9. The amount withheld from [Father's] pay for deferred compensation through the City of Evanston, Wyoming is not income under the Child Support Guidelines. The deferred compensation payments were not any form of payment or return in money or kind to [Father] under Wyo. Stat. Section 20-6-301 so as to be includible in income.

10. Retirement benefits, when paid, are included in the income of an individual.

However, [Father] is not retired and does not receive any amounts deducted from his pay and placed into the deferred compensation program administered for the City of Evanston, Wyoming.

On appeal, Mother challenges the trial court's conclusion that the deferred compensation is not income. Wyo. Stat. Ann. § 20-6-301(a) (Lexis 1999) defines income as follows:

(i) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, . . . annuity and retirement benefits, and any other payments made by any payor . . .;

(ii) "Net income" means income as defined in paragraph (i) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children . . . and mandatory pension deductions. . . .

Given this statutory language, we find no abuse of discretion in the trial court's determination that the deferred compensation is not income. We cannot say that the trial court abused its discretion when it concluded the deferred compensation is not a "payment or return in money or in kind" to Father when it is paid into a fund for his later benefit.

## III. Application of the Child Support Guidelines

■ Mother also argues that the trial court abused its discretion in applying the child support guidelines in a mechanical manner and in failing to apply them so as to maximize the benefit to the children. Mother cites us to cases in which we have recognized the importance of judicial discretion in arriving at a child support level which benefits the welfare and needs of the children in a particular case. Mother argues that had the trial court taken into account the particular circumstances of these children, as it was required to do, it would have been compelled

---

1. The deferred compensation plan is a separate plan from the voluntary payroll deduction plan also offered by Father's employer. The latter voluntary plan would clearly constitute income under the Child Support Guidelines.

to deviate from the presumptive child support level.

We find nothing in the record before us to support the argument that the trial court failed to consider the particular circumstances of these children. The record reveals that the issues Mother now raises were thoroughly briefed and re-briefed in the trial court. The record also reveals that two hearings were held in which Mother presumably had the opportunity to argue and present evidence supporting the issues previously presented in her briefings. After the trial court issued its decision letter, but prior to entry of its order, Mother wrote a letter to the trial court again addressing several of the issues previously raised. The issues have been presented and re-presented, and there is nothing in the record to indicate the trial court failed to fully consider them.

To the contrary, the record reveals that the trial court considered the arguments of Mother and found that several deductions taken by Father were not proper. The trial court added those amounts back in to arrive at an adjusted figure for Father's net income. That figure differed substantially from the net income figure claimed by Father. The difference was not sufficient, however, to result in a 20% change in support obligation required by Wyo. Stat. Ann. § 20–6–306 (Lexis 1999).

We have continuously recognized that in the final analysis child support decisions rest largely within the trial court's exercise of discretion based upon all of the surrounding circumstances that exist in any particular case. *Sharpe v. Sharpe,* 902 P.2d 210 (Wyo.1995). We cannot say from the record before us that the trial court abused its discretion in this particular case.

## CONCLUSION

Based upon the incomplete record before us, we find no abuse of discretion in the trial court's calculation of the parties' respective net incomes. We also find no abuse of discretion in the trial court's conclusion that Father's deferred compensation is not income within the meaning of the Child Support Guidelines. Finally, from the record before us, we find no abuse of discretion in the manner in which the trial court applied the Child Support Guidelines.

Affirmed.