**Robert FISCH, Appellant (Petitioner),**

v.

**Roger ALLSOP, Appellee (Respondent).**

**No. 98–214.**

Supreme Court of Wyoming.

April 11, 2000.

Representing Appellant: Ronald E. Triggs of the Law Offices of Ronald E. Triggs, P.C., Cheyenne, Wyoming.

Representing Appellee: Peter H. Froelicher, Laramie County Attorney and Mark T. Voss, Deputy Laramie County Attorney, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The primary claim of error made by Robert Fisch (Fisch) in this case is that the record of the Laramie County Sheriff's Department (Sheriff) is inadequate to demonstrate cause for his discharge. A collateral issue asserted by Fisch is that the record does not demonstrate any additional consideration to him to justify a change in the Sheriff's policy from progressive to non-progressive discipline. The Sheriff raises the question of the availability of judicial review in light of the language of W.R.A.P. 12.02, which excludes from the definition of agency a "sheriff." We hold that we do have jurisdiction to review the discharge by the Sheriff, and the record adequately supports a discharge for cause under the circumstances. The action of the Sheriff in discharging Fisch is affirmed.

Fisch offers this statement of the issues in his Brief of Appellant:

A. May a Deputy Sheriff in the State of Wyoming be discharged for anything other than cause?

B. Did cause exist in the facts of the instant action?

C. Was there any consideration paid to the Appellant for the modification of the rules from progressive discipline to non-progressive discipline?

This Statement of the Issues is found in the Brief of the Appellee/Respondent, filed on behalf of the Laramie County Sheriff:

I. Does the Wyoming Supreme Court have subject-matter jurisdiction to consider this case?

II. Was the Laramie County Sheriff's decision to terminate petitioner's employment at the Laramie County Sheriff's Department arbitrary, capricious, not in accordance with law or not supported by substantial evidence?

In November of 1997, Fisch was working as a Deputy Sheriff, assigned to the detention facility, in the office of the Laramie County Sheriff. He was scheduled to work twelve-hour shifts on November 24th and 25th, and a six-hour shift on November 26th.

Fisch called in sick for the shift scheduled on the 24th, and again for the first half of his shift scheduled on the 25th. Fisch had arranged for other deputies to work the second half of his shift on the 25th, and all six hours of his shift on the 26th. He was scheduled for days off on November 27 through 29, 1997. He was due back for twelve-hour shifts, starting at 7:00 p.m. each day, on November 30th and December 1st and 2nd, and a six-hour shift on December 3rd.

On November 30th, Fisch telephoned the detention facility at 9:43 a.m., and informed his immediate supervisor, another deputy, that he would not be able to work his scheduled shift that evening. He explained he was in Tucson, Arizona, and his vehicle was disabled. Fisch also told his supervisor that he was experiencing back pain so severe that he could not walk. Fisch did not say, and his supervisor did not ask, when he would be back to work.

Fisch neither called nor reported for work on December 1st or 2nd. He next contacted the Sheriff's department with a telephone call on December 3rd, at 3:13 p.m. On that occasion, Fisch spoke with a sergeant and a lieutenant in the Sheriff's department and reported that he was still in Tucson and still suffering from severe back pain. The other officers asked Fisch why he had not called in to explain his absences. Fisch responded that he had called in on November 30th, and he claimed that during that conversation he had told his supervisor he would not be in all week. The lieutenant told Fisch he would review the recording of the November 30th telephone conversation, and ordered Fisch to report directly to him upon returning. In a second telephone conversation with the sergeant the same day, Fisch repeated that he had told his supervisor on November 30th that he would not be in all week.

On December 5th, after reviewing the tape of the November 30th telephone call, the lieutenant sent a memorandum to his superior, a captain, discussing Fisch's unexcused absences. The memorandum also informed the captain that although Fisch claimed he had told his supervisor he would be out all week, the recording of the conversation contradicted that claim. Later that day, the captain issued memoranda placing Fisch on paid leave, recommending his immediate discharge, and notifying him of his right to a hearing on the proposed action. The captain wrote that he was recommending termination on the bases that Fisch refused to work, violated the department's sick leave policy, and was dishonest in his conversation with the lieutenant.

On February 12, 1998, a hearing took place before a hearing officer, who issued his Recommended Findings and Conclusions on February 20th. The Recommended Findings and Conclusions included, among others, the following conclusions:

3. Deputy Fisch failed to report for work or call in to report his absence for his scheduled shifts on December 1 and 2, 1997, which constitutes absenteeism in violation of LCSD policy, Policy numbers 2.18 and 3.04. Such constitutes cause for discipline.

4. Deputy Fisch misrepresented the substance of his November 30, 1997 conversation with [his supervisor] to [the lieutenant] in violation of LCSD policy, Policy number 3.04 providing disciplinary action for cause if an employee is dishonest.

5. In light of conclusion number three above and the testimony of [the lieutenant], Deputy Fisch did not violate the LCSD sick leave policy, Policy number 2.18.

On March 6, 1998, the Sheriff terminated Fisch's employment, and notified Fisch of his right to seek judicial review. Later that month, Fisch filed a Petition for Review of Administrative Action in the district court. The district court subsequently certified the case to this Court pursuant to W.R.A.P. 12.09.

█ On review of petitions for judicial review certified to this Court pursuant to W.R.A.P. 12.09, we invoke the same standard of review applicable to the district courts. *Union Telephone Co., Inc. v. Wyoming Public Service Com'n*, 907 P.2d 340, 341–42 (Wyo.1995). That standard is established by Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999), which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

 When reviewing the decision of an administrative agency, this Court accords considerable deference to the agency's findings of fact, and will disturb them only if they are contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo. 1994). We affirm an agency's conclusions of law only if they are in accord with the law. *Matter of Corman,* 909 P.2d 966, 970 (Wyo. 1996). Any error an agency makes in its interpretation or application of the law will be corrected by the reviewing court. *Matter of Gneiting,* 897 P.2d 1306, 1308 (Wyo.1995).

We first address the Sheriff's contention that this Court is without subject matter jurisdiction in this case. Apparently, this theory occurred to the Sheriff sometime after Fisch was notified of his termination and informed of his right to judicial review in the district court. The Sheriff relies upon the exclusion of county sheriffs from the category of agencies whose decisions are subject to judicial review found in W.R.A.P. 12.02. That rule provides:

As used in Rule 12, the words "agency," "contested case," "party," "person" and "rule" shall have the meanings set forth in Wyo. Stat. 16–3–101, provided, that "agency" shall not mean a sheriff, clerk of court, district court commissioner, master, referee, receiver, appraiser, executor, administrator, guardian, commissioner appointed by a court, or any other officer of a court or officer appointed by a court, the governing body of a city or town, or the state legislature.

W.R.A.P. 12.02.

The Wyoming Rules of Appellate Procedure, in their current form, were adopted by this Court in 1997. The language of W.R.A.P. 12.02 clearly was intended to parallel the definition in Wyo. Stat. Ann. § 16–3–101(b)(i) (Lexis 1999), which provides:

(b) As used in this act:

(i) "Agency" means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature, the University of Wyoming and the judiciary [.]

The purpose underlying W.R.A.P. 12.02 was to restrict review of judicial functions performed by officers of the court and other officials, in addition to recognizing other statutory exclusions from the definition of an "agency." It would not be appropriate to eliminate the judiciary from the reach of the Wyoming Administrative Procedure Act, Wyo. Stat. Ann. §§ 16–3–101 through 16–3–115 (Lexis 1999), and yet leave subject to the review provisions the actions of officers or employees of the courts who were charged with implementing judicial acts. Without such a restriction, the courts might be overwhelmed with petitions to review as agency actions all sorts of judicial functions normally subject to examination on appeal. When, however, those named functionaries are not engaged in judicial business, it appears appropriate to retain authority under the Wyoming Administrative Procedure Act and the appellate rules to review actions of officers of the court that are not related to the business of the courts. This construction is indicated by the general phrase "or any other officer of a court or officer appointed by a court," which is found in the rule. W.R.A.P. 12.02.

 This Court's authority to adopt rules governing appellate procedure for agency actions is found in Wyo. Stat. Ann. § 16–3–114(b). We perceive that our authority, pursuant to Wyo. Stat. Ann. § 16–3–114(b), was granted solely for the purpose of aiding in

our management of the judicial process. Thus, we have the authority to construe such a procedural rule to limit review of only those actions of the Sheriff undertaken as an officer of the court, such as serving subpoenas and executing warrants. To construe the rule as the Sheriff desires would afford substantive meaning rather than procedural effect to that rule. We hold that actions undertaken in an administrative role or accomplishing an executive function, such as personnel decisions and equipment purchases, remain subject to the review process designed for administrative agencies. The language of W.R.A.P. 12.02 aptly accommodates that dichotomy if we construe it within the context of the foregoing discussion. Judicial review of this case is not barred by W.R.A.P. 12.02.

Having determined the case is properly before this Court for review, we turn to the question of the lawfulness of the Sheriff's decision to terminate Fisch's employment. Fisch asserts first Wyo. Stat. Ann. § 18–3–611 (Lexis 1999). This statute provides, in pertinent part:

> (a) This section applies to sworn non-probationary, full-time deputies of a sheriff's department which employs at least twenty (20) sworn, full-time deputies.
> * * *
> (b) A deputy sheriff shall not be discharged from employment, reduced in rank or suspended without pay except for cause and after notice and opportunity for a hearing. The hearing and any appeal shall be conducted in accordance with the Wyoming Administrative Procedure Act. The hearing shall be closed unless both the sheriff and the deputy involved agree otherwise.

Wyo. Stat. Ann. § 18–3–611(a) and (b). This statute, incidentally, affords further support for judicial review under the Wyoming Administrative Procedure Act. Fisch contends his discharge was not for good cause, as required by the statute.

■ In accordance with our previously discussed standards for reviewing administrative actions, we must search the record for substantial evidence that supports the hearing officer's factual findings. We have said,

"[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence." *Squillace v. Wyoming State Employees' & Officials' Group Ins. Bd. Of Admin.*, 933 P.2d 488, 490 (Wyo. 1997). The burden of proving a lack of substantial evidence rests on the appellant. *Id.* at 491.

■ Fisch's appellate brief fails to meet the assigned burden because in no way does it refute the evidence showing that he failed to report for work or call in on December 1st and 2nd, and misrepresented his statements to his supervisor in subsequent conversations with the sergeant and the lieutenant. Fisch does not contend that he did not violate departmental policies. Instead, he simply argues there was not good cause for his termination. The uncontradicted evidence before the hearing officer shows that Fisch not only did not tell his supervisor that he would not be in all week, but he indeed misled his superiors about his statements to the supervisor on November 30th. We need only review the transcripts of the taped telephone conversations to find sufficient evidence to support those factual findings. These are clear violations of the Sheriff department's Employee Discipline Policy, which provides that employees may be disciplined for, among other things, absenteeism and dishonesty. Since the hearing officer based his findings of fact and conclusions of law on unchallenged, substantial evidence, they are affirmed.

■ In a final assignment of error, Fisch claims the Sheriff unlawfully modified the conditions of his employment in 1996 by switching from a progressive to a non-progressive disciplinary policy. He contends the change constituted a unilateral modification of an employment contract without additional consideration. The Sheriff accurately points out that this issue is raised for the first time on appeal. This Court has unambiguously stated: "The authority of the district court, and this court upon certification of a cause pursuant to W.R.A.P. 12.09, is limited to the

issues set forth in the petition and raised before the agency, * * *." *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027,* 972 P.2d 586, 587 (Wyo.1999). Because the issue was not raised until this appeal, we are without authority to decide it, and will not do so.

The termination of Fisch's employment by the Sheriff of Laramie County is affirmed.