2001 WY 28

### E. Keith JONES, Minor, by and through his Guardians and Next Friends, Craig JONES and Jacque Jones, Appellant, (Petitioner),

v.

### STATE of Wyoming DEPARTMENT OF HEALTH, Appellee (Respondent).

No. 00–2.

Supreme Court of Wyoming.

March 9, 2001.

---

Representing Appellant: Marc C. Thompson of Webster & Thompson, LLC, Cody, WY.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Michael L. Hubbard, Deputy Attorney General; Marci M. Hoff, Assistant Attorney General. Argument by Ms. Hoff.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1] Keith Jones, a Wyoming school student, appeals from an administrative decision from the Wyoming Department of Health denying his request for a medical exemption from required immunizations. Finding that the Department of Health exceeded its statutory authority as found in Wyo. Stat. Ann. § 21–4–309(a) in not accepting the waiver request submitted on behalf of Keith Jones, we reverse.

## ISSUES

[¶ 2] Keith Jones and his parents state the issues as:

I. Was the Department of Health's final decision denying the Appellant's requested immunization waiver supported by substantial evidence?

II. Did the Department of Health's action violate state law and administrative procedure?

III. Did the Department of Health act in an arbitrary and capricious fashion when it denied the Appellant's requested medical exemption to the immunization requirement?

IV. Did the Department of Health act contrary to Keith Jones' Wyoming constitutional right to receive an education?

The Department of Health suggests only three issues:

I. Was the Department of Health's final decision to deny the Appellant's request for a medical exemption supported by substantial evidence?

II. Was the Department of Health's denial of the Jones' request in accordance with state law and administrative procedure?

III. Is the State of Wyoming's [statute governing] compulsory immunizations for school attendance constitutional?

## FACTS

[¶ 3] The basic facts pertinent to this appeal are not in dispute. Keith Jones is a middle school student in Wyoming. As such, he is subject to certain immunization require-

ments as a prerequisite to attending school. In the fall of 1998, the Joneses requested a waiver from the state immunization requirements for Keith on the grounds of a medical contraindication. The Department of Health supplied a form to be filled out by the Joneses and Keith's physician to formally request the waiver. The Joneses and Dr. Rebecca Painter completed the Department's form in its entirety. Dr. Painter marked all immunizations as medically contraindicated for Keith. The form requested a reason for the medical contraindication. Dr. Painter responded "[h]istory of reactions to immunizations." Dr. Painter signed the section of the form requesting the medical waiver.

[¶ 4] The Department of Health reviewed the waiver request. Among the documents the Department reviewed were the waiver form and also an official record of immunizations Keith had already received. The immunization record reflected that Keith had received a series of immunizations. He had received five DTP vaccinations, five polio vaccinations, one MMR vaccination and one HIB vaccination. There was no indication that Keith had ever been immunized against Hepatitis B. There is a box on the immunization record with the title "Allergies/Reactions." The only notation in that box was "NKA" or "no known allergies."

[¶ 5] After receipt of the waiver form and official immunization record, the Department contacted Keith's parents and requested further information regarding the exact nature of the medical contraindication. The Department stated that it does not accept blanket requests for exemptions. The Department requested specific information supporting the allegation of a history of adverse reactions to specific vaccines. The Department suggested that Dr. Painter review a publication on contraindications produced by the Center for Disease Control and respond more specifically to the Department's request for a reason for the contraindication to each vaccine. Dr. Painter responded with a letter stating that she reviewed a publication on known contraindications and still believes that all immunizations are contraindicated for Keith. Dr. Painter gave no more details other than that Keith had a history of adverse reactions

to immunizations which "caused him a great deal of distress" and that "[i]n my complete evaluation of Keith, I have determined that he will again experience adverse reactions to the immunizations he is currently required to receive by the Department of Health."

[¶ 6] Ultimately, the Department denied Keith's waiver request. The Department based its denial on the fact that the Joneses failed to produce Keith's "medical history to document the diagnosis of a contraindication to vaccinations." The Joneses appealed the administrative decision, and an administrative hearing was held. The final decision from the administrative hearing upheld the Department's denial of the waiver. The final decision specifically found that the Joneses had "failed to establish a medically recognized contraindication to immunizations." The Joneses appealed the administrative hearing decision to district court, and the district court certified the appeal to this Court pursuant to W.R.A.P. 12.09(b).

## DISCUSSION

*Standard of Review*

 [¶ 7] Our standard for reviewing agency actions is well settled and defined by statute.

On review of petitions for judicial review certified to this Court pursuant to W.R.A.P. 12.09, we invoke the same standard of review applicable to the district courts. *Union Telephone Co., Inc. v. Wyoming Public Service Comm'n*, 907 P.2d 340, 341–42 (Wyo.1995). That standard is established by Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999), which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

. . .

We affirm an agency's conclusions of law only if they are in accord with the law. *Matter of Corman*, 909 P.2d 966, 970 (Wyo. 1996). Any error an agency makes in its interpretation or application of the law will be corrected by the reviewing court. *Matter of Gneiting*, 897 P.2d 1306, 1308 (Wyo. 1995).

*Fisch v. Allsop*, 4 P.3d 204, 206–07 (Wyo. 2000).

▇ [¶ 8] Initially, it should be noted that this dispute revolves solely around the requirement that Keith receive a Hepatitis B immunization or not be allowed to attend school. At the time Keith requested his waiver, the Department of Health did not have any rule that required a Hepatitis B immunization. Indeed, the very waiver form supplied by the Department listed the Hepatitis B immunization as optional. Department rules then in place had a schedule of required immunizations, and Hepatitis B was not listed in the rules as one of the required immunizations. Wyoming Dep't of Health Immunization Regulations, Ch. 1, § 7(b) (Jan. 13, 1992). The Department, therefore, had no authority to require Keith to receive the Hepatitis B immunization. This fact alone requires reversal of the Department's actions in this case.

▇ [¶ 9] We could end our analysis here. However, the Department has since promulgated new rules regarding immunizations for school age children that do require an immunization against Hepatitis B. Wyoming Dep't of Health Rules and Regulations

for School Immunization, Ch. 1, Sec. 9 (Jan. 5, 2001). Thus, Keith will face this same situation again. Where a question is likely to arise again, we have said: "If we should not now decide it, it is bound to arise again, and would, it would seem, require another appeal. In such a case it is our right, if it is not our duty, to decide the question." *Chicago & N.W. Railway Co. v. City of Riverton, Fremont County*, 70 Wyo. 84, 127, 247 P.2d 660, 663 (1952); *see also Farmers Ins. Exchange v. Shirley*, 958 P.2d 1040, 1049 (Wyo.1998). We therefore proceed to look further into the issues.

[¶ 10] Ultimately, the parties' disagreement surrounds the language of Wyo. Stat. Ann. § 21–4–309(a) (LEXIS 1999), which states in pertinent part:

Any person attending, full or part time, any public or private school, kindergarten through twelfth grade, shall within thirty (30) days after the date of school entry, provide to the appropriate school official written documentary proof of immunization. . . . Waivers shall be authorized by the state or county health officer upon submission of written evidence of religious objection or medical contraindication to the administration of any vaccine.

The Joneses argue that the statute requires only that a writing be produced which indicates that immunization is medically contraindicated. The Department of Health argues that the statute requires more than a simple statement that immunization is medically contraindicated. The Department argues that the statute requires the party requesting a waiver to present a specific, medically accepted contraindication to each specific vaccine before a waiver can be granted. Indeed, the Department now has promulgated its rules to clarify the requirement for such specific information.[1]

---

1. Wyoming Dep't of Health Rules and Regulations for School Immunization, Ch. 1, Sec. 3(c) (Jan. 5, 2001), states:

A pupil shall not be required to have any immunizations which are medically contraindicated. The State Health Officer or County Health Officer shall grant a medical exemption from the specific immunization requirement in these regulations upon receiving evidence from any physician licensed to practice medicine in

any jurisdiction of the United States that the administration of the specific immunization is medically contraindicated to the pupil. This evidence shall consist of a recognizable medical contraindication pursuant to ACIP, IDSA and AAP practices and shall list the specified time and reasons for the medical contraindication. The exemption shall be maintained by the school as part of the immunization record of the pupil.

[¶ 11] "Statutory interpretation is a question of law, so our standard of review is *de novo*. If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it." *May v. May*, 945 P.2d 1189, 1191 (Wyo.1997) (citations omitted). The first step in analyzing the statute is to determine if an ambiguity exists.

> We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Wyoming Dep't of Transportation v. Haglund*, 982 P.2d 699, 701 (Wyo.1999) (citations and quotations omitted).

[¶ 12] This Court recently analyzed Wyo. Stat. Ann. § 21–4–309(a) in regard to a request for a religious exemption to immunizations in *LePage v. State of Wyo., Department of Health*, 2001 WY 26, 18 P.3d 1177, (Wyo. 2001). Much of the analysis in *LePage* is equally applicable to this case. The language of the statute is unambiguous. As stated in *LePage*, the language of § 21–4–309(a) is mandatory. *Id.* at ¶ 11. In this case, giving the terms used in the statute their ordinary and obvious meaning, we find the statute clearly requires a waiver to be issued upon receipt of written evidence of a medical contraindication to the administration of any vaccine. The letter from Dr. Painter and the waiver form supplied by the Department and completed by the Joneses and Dr. Painter both qualify as writings which evidence a medical contraindication to the administration of the delineated vaccines. The statute does not require any reason be given for a medical contraindication. The statute is clear on its face. "The statute is not ambiguous and, therefore, we can indulge in no statutory-interpretation exercises. The plain English, understandable language of the statute speaks for itself and, therefore, settles the question." *Claim of McCarley*, 590 P.2d 1333, 1338 (Wyo.1979).

[¶ 13] We understand the concerns of the Department. Protecting the health of all students is of utmost importance. However, we are without authority to rewrite a statute under the guise of statutory interpretation. The interpretation advanced by the Department of Health requires us to read qualifications into the statute that simply do not exist. We must abide by our well-settled rules of statutory interpretation. "Where the language of a statute is plain, unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation; and the court has no right to look for or impose another meaning." *Druley v. Houdesheldt*, 75 Wyo. 155, 160–61, 294 P.2d 351, 352 (Wyo.1956). We are not at liberty to usurp the authority of the legislature and rewrite a statute or impose any other meaning on a statute beyond its unambiguous terms. The statute, by its clear and unambiguous terms, requires a waiver be authorized upon the presentation of any writing evidencing a medical contraindication to immunization. Nothing further is required.

[¶ 14] Even if we were to look further into the statute, we do not believe that the legislature necessarily intended to authorize the Department of Health to interrogate students regarding specifics of their medical condition. Such interrogation brings up concerns regarding invasion into the right of privacy and intrusion into the physician-patient relationship. Further, the legislature has provided for any student who has not been immunized to be excluded from school in the event of an outbreak of any vaccine preventable disease, thus providing a protection for all students. *See* Wyo. Stat. Ann. § 21–4–309(a) (LEXIS 1999). Reading the statute *in pari materia*, we believe the legislature has expressed a balance between protecting individual rights and protecting the

public interest and see no reason to provide further conditions to the authorization of a waiver under the guise of statutory interpretation. We will not invade the province of the legislature.

 [¶ 15] Neither may the Department of Health force its own interpretation on statutes that are clear on their face. Certainly, the Department of Health is endowed with the power to promulgate rules and regulations regarding immunizations. *See* Wyo. Stat. Ann. § 35-4-101 (LEXIS 1999). However, the Department may not exceed its statutory authority.

The construction of a statute by those charged with its execution is entitled to consideration in construing the statute, *State ex rel. Goshen Irr. Dist. v. Hunt,* 49 Wyo. 497, 57 P.2d 793 (1936).... [However,] its construction should be disregarded if it is clearly erroneous, *Florida Citrus Exchange v. Folsom,* 246 F.2d 850 (5th Cir.1957); *Jno. McCall Coal Company v. United States,* 374 F.2d 689 (4th Cir.1967); *State ex rel. Goshen Irr. Dist. v. Hunt,* supra; *Raggio v. Campbell,* 80 Nev. 418, 395 P.2d 625 (1964). Where, as here, the language of the statute is unambiguous, there is no room for construction, *International Harvester Co. of America v. Jackson Lumber Co.,* 25 Wyo. 367, 170 P. 6 (1918)....

*Demos v. Board of County Comm'rs of Natrona County,* 571 P.2d 980, 981 (Wyo.1977). Here, the statute simply does not allow the Department to promulgate rules requiring that a reason be given for a medical contraindication. To the extent any Department rule or regulation requires more than simply written evidence of a medical contraindication, it violates Wyoming statute and is void.

[¶ 16] Given our holding on the interpretation of the statute, other issues need not be addressed. The Department of Health exceeded statutory authority in requiring a specific reason for a medical contraindication before issuing a waiver. Keith Jones and his parents presented written evidence of a medical contraindication to all further immunizations. A waiver should have been granted.

The final decision of the Department of Health is hereby reversed.