2001 WY 92

**WYODAK RESOURCES DEVEL-
OPMENT CORPORATION,**
Appellant (Petitioner),

v.

**STATE BOARD OF EQUALIZATION
FOR the STATE OF WYOMING,**
Appellee (Respondent).

No. 00–218.

Supreme Court of Wyoming.

Oct. 4, 2001.

Timothy L. Thomas of Morrill Thomas Nooney & Braun, LLP, Rapid City, SD, Representing Appellant.

Gay Woodhouse, Wyoming Attorney General; Michael L. Hubbard, Deputy Attorney General; Harry D. Ivey, Assistant Attorney General, Representing Appellee. Argument by Mr. Ivey.

Before LEHMAN, C.J.; GOLDEN, HILL, and KITE, JJ.; and SPANGLER, District Judge, Retired.

GOLDEN, Justice.

[¶ 1]   In 1997 and 1998, Appellant Wyodak Resources Development (Wyodak) filed amended coal production reports with the State of Wyoming Department of Revenue (DOR) and requested refunds of severance taxes for the years 1992 through 1995. The DOR denied those refunds, and Wyodak appealed to the State of Wyoming Board of Equalization (Board), requesting both a contested case hearing pursuant to Wyo. Stat. Ann. § 39–14–109(b), and a petition for examination pursuant to Wyo. Stat. Ann. § 39–11–102.1(c)(x).   The Board summarily dis-

missed that petition for examination, and Wyodak appeals.

[¶ 2] We reverse and remand for proceedings in compliance with Wyo. Stat. Ann. § 39–11–102.1(c)(x) (Lexis 1999).

## ISSUES

[¶ 3] Wyodak presents this single issue for our review:

1. Did the Wyoming State Board of Equalization err in summarily dismissing appellant's petition for board examination filed pursuant to Wyo. Stat. § 39–11–102.1(c)(x) when the Board has an affirmative duty to carefully examine such petitions?

The Board believes the issue is:

Whether upon receipt of a written allegation that property subject to taxation has not been assessed or has been fraudulently, improperly, or unequally assessed, or the law governing assessment, levy and collection has been evaded or violated, does the Board have discretion to determine if a full-blown examination is warranted when petitioner for a board examination has virtually identical issues before the Board in a companion proceeding?

In response to the Board's issues, Wyodak addresses the following issues in its reply brief:

Pursuant to W.R.A.P. 7.03, the new issues and arguments raised by the Brief of the Appellee, which are addressed in this Reply brief, are as follows:

(a) The Rules, Chapter 4 relied on by the Board were not applicable to this proceeding;

(b) The Rules, Chapter 4 did not allow a summary dismissal at the Board's own instance;

(c) *Bender v. State Bd. of Equal.* is not applicable;

(d) A Board examination under Wyo. Stat. 39–11–102.1(c)(x) is a different and concurrent remedy to an administrative appeal, especially considering the Department of Revenue's decision sought to be reviewed;

(e) The Petition for Board Examination is not an "end-run" around the administrative proceeding when it is clearly a dual remedy under Wyoming law.

## FACTS

[¶ 4] Wyodak mines coal in Campbell County, Wyoming. It paid severance taxes for the years 1992 through 1995, and in December of 1997 and 1998, it filed with DOR amended annual gross products reports for coal for the years 1992 through 1995, with a request for refunds of severance taxes paid. In 1999, DOR refused to process the 1992 amended return, stating that in the "interest of finality and other considerations, the Department will not accept amended returns for production years which have already been audited, assessed, appealed and adjudicated." DOR stated that it had not accepted the amended returns for 1993–1995 because "(1) . . . there was an audit pending, the objective of which was to determine proper valuation of the coal production years in question, and (2) Wyodak's submission of the amended returns was simply a device for appealing the original notices of valuation for the 1993–1995 production periods after the appeal periods had lapsed."

[¶ 5] Wyodak responded by filing a case notice for review to receive a contested case hearing pursuant to Wyo. Stat. Ann. § 39–14–109(b) and Board rules found in Chapter 2 § 5. It also filed a petition for Board examination pursuant to Wyo. Stat. Ann. § 39–11–102(c)(x). On March 29, 2000, the Board summarily dismissed the petition after determining that the two actions involved similar issues. The Board stated:

[T]o permit Wyodak to pursue remedies through both the contested case format and the examination procedure would be a redundant waste of administrative resources void of additional benefits to either the Board or the parties. Furthermore, . . . when there is the option for a Petitioner to seek its remedy through the *Wyoming Administrative Procedure Act* and *Rules, Chapter 2, Wyoming State Board of Equalization* contested case procedure, it is inappropriate for a petitioner to file a Petition for Board Examination either in addition to or in lieu of a contested case.

Soon afterwards, the Board served notice of its intent to dismiss the contested case hearing as res judicata for failure to timely appeal the valuation notices within thirty days; however, at the time the Board dismissed the petition, the contested case hearing was scheduled to proceed. Wyodak appealed the summary dismissal, and the district court certified to this Court pursuant to W.R.A.P. 12.09.

## DISCUSSION

*Standard of Review*

[¶ 6] Our standard for reviewing agency actions is well settled and defined by statute. On review of petitions for judicial review certified to this Court pursuant to W.R.A.P. 12.09, we invoke the same standard of review applicable to the district courts. Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001) provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Jones v. State, Dept. of Health*, 2001 WY 28, ¶ 7, 18 P.3d 1189, ¶ 17 (Wyo.2001).

[¶ 7] Statutory interpretation is a question of law. If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it.

We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia.

*Exxon Corp. v. Board of County Comm'rs, Sublette County*, 987 P.2d 158, 161–62 (Wyo. 1999).

*Availability of Summary Dismissal*

[¶ 8] Wyodak contends that this Court's past decisions have determined that Wyo. Stat. Ann. § 39–11–102.1(c)(x) (Lexis 1999)[1] imposes on the Board the additional duty of accepting petitions for examination even though reviewing issues by contested case proceedings. It claims that the Board failed to review the underlying merits of the petition, choosing instead to summarily dismiss it for the reason that Wyodak would receive a contested case hearing. Wyodak asserts that, in its case, an examination will provide for different relief than that available by contested case hearing because the relevant statute permits refunds when an improper valuation method was used whereas, in a contested case hearing, the Board may not reach the merits of whether an improper assessment was made because of res judicata principles or other grounds.

[¶ 9] The Board contends that it did comply with the statute by "carefully examining" the petition; however, it claims that its rules provide it with the discretion to determine the extent of the investigation. Here, the Board contends that it carefully examined Wyodak's contentions and found that based upon the specific facts and circumstances, it was appropriate to summarily dismiss. The Board disputes Wyodak's claim that an examination would provide relief when a hearing would not.

1. Before recodification, the statute was numbered Wyo. Stat. Ann. § 39–1–304(a)(xiv) (Michie 1997). The language did not change until July 2001 when the following sentence was added: "Except for allegations based in fraud, any request for relief under this paragraph shall be filed within five (5) years from the date the taxes were paid or should have been paid[.]"

[¶ 10] The relevant statute, Wyo. Stat. Ann. § 39–11–102.1(c)(x) (Lexis 1999), states:

(c) The state board of equalization shall perform the duties specified in article 15, section 10 of the Wyoming constitution and shall hear appeals from county boards of equalization and review final decisions of the department upon application of any interested person adversely affected, including boards of county commissioners for the purposes of this subsection, under the contested case procedures of the Wyoming Administrative Procedure Act. Any interested person adversely affected by the adoption, amendment or repeal of a rule pursuant to W.S. 16–3–103(a) shall be afforded an opportunity for a hearing before the board. In addition, the board shall:

\* \* \* \*

(x) Carefully examine into all cases wherein it is alleged that property subject to taxation has not been assessed or has been fraudulently, improperly, or unequally assessed, or the law in any manner evaded or violated, and cause to be instituted proceedings which will remedy improper or negligent administration of the tax laws of the state[.]

[¶ 11] At the time of the dismissal, the Board's rules for this statute provided:

Section 2. *Purpose.* These rules are intended to provide process and standards for the State Board to carefully examine into allegations of improper, fraudulent, or unequally assessed properties or allegations of evasion or violation of **property tax laws.**

Section 3. *Allegations and Board Examination.*

(a) **The State Board may** institute an examination upon written allegation that property subject to taxation has not been assessed or has been fraudulently, improperly or unequally assessed, or the law governing assessment, levy and collection has been evaded or violated.

(b) Such examination **may be subject to summary dismissal** upon evidence or argument indicating:

(i) The allegation is subject to a legal limitation which precludes Board Examination;

(ii) The allegation is not within the jurisdiction of the Board;

(iii) In the discretion of the Board, the matter involves an isolated, trivial or minimal issue or problem which may be remedied through conference and conciliation;

(iv) In the discretion of the Board, the matter involves a final action or inaction of another agency which is properly reviewed by district court;

(v) There is no adequate proceeding provided by law which will remedy the allegations; or

(vi) Other good cause as determined by the Board.

State Board of Equalization Rules, Board Examiniation Rules, Ad Valorem Tax, Ch. 4 (1999) (emphasis added).

[¶ 12] In 1999, this Court decided *Exxon Corp. v. Board of County Comm'rs, Sublette County,* 987 P.2d 158 (Wyo.1999), and examined the same statutory language at issue here. We determined that the statutory language instituted a dual role for the Board, specifically that "the Board's power to 'carefully examine' alleged taxation improprieties under Section 14 is 'in addition to' the Board's duty to hear appeals from Department of Revenue decisions." *Id.* at 164.

[¶ 13] The plain language of the statute mandates that the Board carefully examine specified allegations, and the Board concedes that is its mandate. In *Exxon,* we said:

This statute delineates two of the Board's functions. We discern subsection (a) to be part of the Board's adjudicatory function, *i.e.,* that subsection gives the Board the power to hear appeals. Subsection (a)(xiv) (Section 14), on the other hand, is more closely aligned with the Board's regulatory function. This section gives the Board the power to carefully examine allegations of improper, unequal, or fraudulent assessment, and the power to cause to be instituted proceedings to remedy improper or negligent administration of Wyoming's tax laws.

*Id.* at 163. The Board presents us with arguments against applying this dual role in

this case. *Exxon* examined similar arguments and held that neither time limitations, adverse impact on the Board's volume, nor the doctrine of finality could overcome the statute's clear mandate. *Exxon* held that this statutory language did not provide for a time limitation that would prohibit examinations, and the doctrine of finality was not applicable merely because the time for appeal to secure a contested case hearing had passed. Quoting from *Wyo. State Tax Comm'n v. BHP Petroleum Co., Inc.*, 856 P.2d 428, 435–36 (Wyo.1993), *Exxon* said:

> This section provides for revaluation when it directs the State Board of Equalization to discover errors or unequally assessed taxes and remedy those errors. W.S. 39–1–304(a)(xiv). As the State points out, errors are usually discovered by looking back, therefore retroactive action is explicit in the statute. Thus the process that occurs is prospective correction of improper self-assessment. It is not retroactive revaluation.

*Exxon*, 987 P.2d at 163. *Exxon* examined impact and stated:

> [T]he appellants argue that a broad interpretation of Section 14 will lead to parties bypassing appeals in order to make challenges pursuant to Section 14. We do not dismiss this concern lightly. However, Wyo. Stat. Ann. § 39–1–304(a) clearly indicates that the Board's power to "carefully examine" alleged taxation improprieties under Section 14 is "in addition to" the Board's duty to hear appeals from Department of Revenue decisions. Therefore, even though the appellants raise a legitimate practical concern, we cannot, in the face of clear statutory language, judicially remove the Board's statutory duty. Recognizing the Board's dual roles, the clear language of Section 14, and the lack of time limitation on initiating a Section 14 petition, we must reject the appellants' argument that Sublette County's Section 14 petition is untimely. "The necessity for equal and uniform taxation is compelling and overriding." *State Tax Comm'n v. BHP Petroleum Co., Inc.*, 856 P.2d at 439.

*Exxon*, 987 P.2d at 164.

[¶ 14] Finally, the Board contends that it can review the merits of the petition from the petition itself and decide to summarily dismiss. Assuming without deciding that the Board may by rule limit the extent of its examination under the statute, we must agree with Wyodak that it does not appear that the petition's merits were examined, but, instead, it was summarily dismissed, apparently with prejudice, because a contested case review was proceeding. Under the statute, the Board does not have the power to dismiss with prejudice a petition that will provide for review of issues that is unavailable under the contested case proceedings. An examination under subsection (x) provides a taxpayer with more defenses to government action than may be available otherwise. At this point, neither the Board nor Wyodak knows whether review of issues arising under subsection (x) will be available through the contested case proceeding. A dismissal of the contested case proceeding on res judicata or other grounds without review of subsection (x) issues would mean that the taxpayer will have only the remedy available by its petition for examination, and, therefore, the Board must examine. The possibility that a contested case hearing may prevent review or relief available under this statute is sufficient to hold that the Board's summary dismissal was in error and reverse and remand for further proceedings in compliance with Wyo. Stat. Ann. § 39–11–102.1(c)(x).

## CONCLUSION

[¶ 15] Wyo. Stat. Ann. § 39–11–102.1(c)(x) mandates careful examination of specified allegations, and this examination is in addition to the review available by a contested case hearing. Assuming without deciding that the Board can reject a petition when a contested case is pending, in this case, Wyodak's petition for examination may provide review of subsection (x) issues other than that potentially available through a contested case proceeding. The Board is mandated to perform a subsection (x) examination that may provide an additional avenue to a petitioner seeking relief for an improper assessment, and it may not summarily dismiss without examining the petition's merits

sufficiently for judicial review. Reversed and remanded.