2003 WY 107

Ronald Gene COSSETTE, Appellant (Defendant),

v.

Kathryn Mary COSSETTE, Appellee (Plaintiff).

No. 02–183.

Supreme Court of Wyoming.

Sept. 5, 2003.

Representing Appellant: DaNece Day Koenigs of Lubnau, Bailey & Dumbrill, P.C., Gillette, Wyoming.

Representing Appellee: Dwight F. Hurich of Hurich Law Office, Gillette, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief J.

[¶ 1] Ronald Gene Cossette (Father) appeals the district court's denial of his Petition to Terminate Child Support. Pursuant to Wyo. Stat. Ann. § 14-2-204(a)(iii) and the Divorce Decree, Father was required to pay child support for the parties' minor daughter (Daughter) until the age of majority or until she turned twenty years old so long as she was a full-time participant in a high school or equivalent program. Father contended that Daughter's repeated absences from and consequent dismissal from high school after she had reached the age of majority terminated his obligation to make child support payments. The district court concluded that Daughter's sporadic attendance did not ne-

gate the fact that she was enrolled in high school as a full-time student, and that her subsequent dismissal did not warrant termination of her support payments since she had enrolled in an alternative educational program for the forthcoming year. Accordingly, the district court denied Father's petition.

[¶ 2] We affirm.

## ISSUES

[¶ 3] Father raises two issues in his appeal:

A. Did the trial court commit reversible error by failing to apply the plain language of the Divorce Decree and W.S. § 14-2-204 which require full-time school attendance for a child over the age of 18 to receive child support?

B. Is [Father] entitled to his fees for this appeal as a matter of law?

Kathryn Mary Cossette (Mother) responds with a single statement of the issue:

Did the district court err when the court determined the Father's child support obligation should not terminate under the terms of the parties' divorce decree?

## FACTS

[¶ 4] The parties were divorced in December of 1999. Daughter was their only child, and the decree of divorce provided that Father was to make monthly child support payments under the following conditions:

IT IS FURTHER ORDERED that during any child's minority (until age eighteen) and beyond for any child who has a mental, emotional, or physical impairment preventing emancipation **and while any child between the ages of eighteen (18) and twenty (20) is attending high school or an equivalent program as a full-time student,** the non-custodial parent shall contribute to that child's support. [Emphasis supplied.]

On April 16, 2002, Father filed a Petition to Terminate Child Support. Father alleged that since attaining her eighteenth birthday on November 3, 2001, Daughter had not attended high school or an equivalent program on a full-time basis.

[¶ 5] On May 29, 2002, the district court held a hearing on Father's petition. The first witness was the secretary from Westwood High School responsible for student records. She testified that during the first quarter of the 2001–02 school year, Daughter's attendance was sufficient for her to be considered a full-time student. In the second quarter of the school year, however, Daughter's attendance declined to the point where the school no longer considered her a full-time student. In response, the school required Daughter to enter into a two-week "contract" that mandated attendance in the absence of any doctor's excuse. The witness testified that Daughter was unable to comply with the contract so the school ordered her to withdraw.

[¶ 6] Father was the next witness. He testified that he had concerns over Daughter's poor grades. Father talked to Daughter about her grades, but he acknowledged that he did not discuss her attendance problems with her or Mother. Unsatisfied with Daughter's efforts to improve her grades, Father took away her car. Father had not had any contact with Daughter since then.

[¶ 7] Mother testified that Daughter's absences were related to health problems. Daughter was diagnosed with depression and suffered from a variety of physical ailments including thyroid problems. Daughter was under the medical care of a doctor and had been prescribed medication for her problems. Mother indicated that after Daughter was dismissed from Westwood High School, she immediately enrolled in an alternative school in Spearfish, South Dakota. According to Mother, Daughter planned to take classes during the summer so that she could complete her high school education by the end of the fall of 2002.

[¶ 8] The final witness at the hearing was Daughter. She testified that her absences were related to her various ailments. She confirmed the testimony from her mother that she had enrolled in the Spearfish high school, planned to take summer classes, and complete her education that fall. Daughter also admitted that she had not informed her father about the depression diagnosis or her

other medical issues because of her strained relationship with him.

[¶ 9] After the hearing, the district court denied Father's petition to terminate child support. The court found that although Daughter's attendance was poor, the school considered her a full-time student and she had made an effort to be present. The court noted Daughter's efforts to remain in school and obtain her degree. It concluded that this was sufficient for her to be considered a full-time student and that continued support was appropriate. Father has appealed.

## STANDARD OF REVIEW

[¶ 10] Decisions related to child support are assigned to the sound discretion of the district court. *Jordan v. Brackin*, 992 P.2d 1096, 1098 (Wyo.1999). We will not disturb a district court's ruling unless we are convinced that the court has abused its discretion. *Id.*

In determining whether there has been an abuse of discretion, we focus on the "reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet of the ruling is arbitrary or capricious. *Id.* (citing *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236 (1985)); [(*Basolo v. Basolo*, 907 P.2d 348, 353 (Wyo.1995))].

*Jordan*, 992 P.2d at 1098–99.

## DISCUSSION

[¶ 11] The provision in the parties' divorce decree requiring Father to pay child support past his daughter's age of majority so long as she was pursuing her high school diploma has a statutory basis:

(a) Any person legally responsible for the support of a child who abandons, deserts, neglects or unjustifiably fails to support the child is liable for support of the child. It is no defense that the child was not or is not in destitute circumstances. For purposes of this section, a parent's

legal obligation for the support of his or her children, whether natural or adopted, continues past the age of majority in cases where the children are:

. . . .

(iii) Between the age of majority and twenty (20) years and attending high school or an equivalent program as full-time participants.

Wyo. Stat. Ann. § 14–2–204(a)(iii) (LexisNexis 2003). The crux of the parties' dispute is whether or not Daughter was attending high school as a full-time participant or student.

[¶ 12] The interpretation of a statute is a question of law. In interpreting a statute:

We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia.

*Wyodak Resources Development Corporation v. Board of Equalization,* 2001 WY 92, ¶ 7, 32 P.3d 1056, ¶ 7 (Wyo.2001) (quoting *Exxon Corporation v. Board of County Commissioners, Sublette County,* 987 P.2d 158, 161–62 (Wyo.1999)).

[¶ 13] The legislative intent behind Wyo. Stat. Ann. § 14–2–204(a)(iii) is apparent on the face of the statute. The statute's purpose is to ensure the financial security of a child while she is pursuing a high school diploma. The statute results from recognition by the Legislature of the importance of a basic education in our society. The Legislature, however, imposed two limitations in the statute: (1) the support ends when the child reaches twenty years of age; and, (2) the child must be attending a high school or equivalent program as a full-time participant. The second limitation, of course, is the only concern before us in this case.

[¶ 14] Father contends that Daughter was not "attending" high school as a "full-time participant" in light of her absences. Father argues that "attending" means the actual presence of the child in class. Father's position is that the Legislature meant that there must be some level of physical presence by the child in school beyond their enrollment. Mother counters that Father is seeking to equate the term "attending" with the concept of "perfect attendance," a standard that would be impossible to meet. Instead, Mother suggests that "attending" refers to the child's status in the school, *i.e.,* whether she is enrolled as a full-time student and considered as such under the school's standards.

[11, 12] [¶ 15] The meaning of the term "attending" must be ascertained within the context of the legislative intent behind the statute. We think the term is neither so narrow as suggested by Father nor so broad as urged by Mother. At a minimum, the term must include enrollment as a full-time student. This requirement is specified by the Legislature's use of the term "full-time participants." Since the purpose of the statute is to ensure the continued financial support of the child in the pursuit of a high school education, the duty imposed upon the supporting parent must be matched by a concomitant duty on the part of the student to diligently pursue that goal. Nevertheless, we agree with Mother that "perfect attendance" is not realistic. However, the child's duty to pursue the goal of the statute imposes a responsibility to attend class. The question is, where is the line to be drawn between "perfect attendance" and "enrollment"? The answer, we believe, cannot be drawn with exact specificity. Each case must be determined on its particular factual situation. There are various factors that should be considered when determining if a child is "attending" school as a full-time participant, including: (1) the reasons for any absences and the degree to which they were within the control of the child; and (2) what actions, if any, are taken by the child to continue the pursuit of an education.

[¶ 16] In this case, Daughter and Mother testified that Daughter's absences from school were the product of her various health issues. Within a month of Daughter's dis-

missal from Westwood High School, she had enrolled in an alternative program at a school in Spearfish, South Dakota. Daughter indicated her intent to take classes during the summer so that she could complete her degree at the conclusion of the fall semester. Neither Father nor any other witness at the hearing contradicted this testimony. Thus, the evidence indicates that Daughter's absences were due to factors beyond her control. Daughter and Mother testified that she sought treatment for her various medical conditions; nevertheless, the nature of those ailments made it difficult for her to attend school regularly. Furthermore, when Daughter's absences caused her dismissal from the high school, she took immediate remedial action by enrolling less than a month later in an alternative program at another school. Depriving a child of support because she was unable to attend school on a regular basis because of a temporary medical condition is not consistent with the legislative intent behind the statute. This is especially true where, as here, the child clearly exhibits intent to complete her education by taking steps to ensure her continued enrollment in school. Under these circumstances, we cannot say that the district court abused its discretion in finding that the Daughter was a full-time participant in a high school or equivalent program and, accordingly, denying Father's motion to terminate his support payments.

[¶ 17] Father requests that this Court award him attorney's fees pursuant to the divorce decree, which imposes attorney's fees, costs, and expenses on either party if they fail to perform any duty or obligation imposed by the terms of the decree. Father did not raise this claim before the district court. We do not review claims raised for the first time on appeal. *In re Pohl*, 980 P.2d 816, 819 (Wyo.1999).

## CONCLUSION

[¶ 18] The district court's order denying Father's motion to terminate support is affirmed.