2003 WY 130

**STATE of Wyoming, ex rel., DEPARTMENT OF TRANSPORTATION, Appellant (Respondent),**

v.

**Samuel LEGARDA, d/b/a Laris Auto Sales, Appellee (Petitioner).**

**No. 02–191.**

Supreme Court of Wyoming.

Oct. 15, 2003.

---

Representing Appellant: Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; and Mary Loos, Assistant Attorney General.

Representing Appellee: Robert O. Anderson of Robert O. Anderson, P.C., Riverton, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] The State of Wyoming ex rel. Department of Transportation (DOT) revoked a Wyoming automobile dealer's license because the dealer violated certain statutes and regulations governing automobile sales. The Office of Administrative Hearings (OAH) upheld the revocation. On a petition for review, the district court reversed OAH, holding further regulations were necessary to specify the circumstances that would merit a license revocation. We affirm but on different grounds than those relied upon by the district court.

## ISSUES

[¶ 2] The question for our review is whether the OAH order must be set aside as arbitrary and capricious because it fails to adequately explain the basis for revocation of Laris Auto Sales' license.[1]

---

1. In its statement of the issues, Laris claims the OAH erred in allowing evidence at the administrative hearing of nolo contendre pleas entered by Mr. Legarda to criminal charges filed against him as a result of the alleged violations. Because Laris did not file a cross appeal, we decline to address the issue.

## FACTS

[¶ 3] Mr. Legarda, doing business as Laris Auto Sales (Laris), was in the used car business in Wyoming for nearly twenty years. On April 3, 2000, the Fremont County Clerk contacted the DOT compliance investigation department concerning complaints she had received from individuals who were unable to obtain titles after purchasing used vehicles from Laris. The county clerk asked DOT to look into the matter.

[¶ 4] On May 3, 2000, DOT Compliance Investigator Kenny Roylance conducted a compliance review at Laris. He found that Laris violated the following statutory provisions: Wyo. Stat. Ann. § 31–11–107(a) (LexisNexis 2003) requiring all records to be maintained at the principal place of business and all vehicles on the lot to be listed on the daily record; Wyo. Stat. Ann. § 31–16–103 (LexisNexis 2003) requiring copies of invoices, title reassignment papers, and odometer and damage statements to be provided to the purchaser and temporary license permit stubs to be forwarded to DOT; Wyo. Stat. Ann. § 31–2–104(d)(iii) (LexisNexis 2001) (repealed 2003) requiring delivery of certificates of title within ten days of purchase; and Wyo. Stat. Ann. § 31–16–126(b)(iv) (LexisNexis 2003) allowing a dealership to provide a full-use license plate for display on vehicles in the dealership's possession. Based upon these violations, Mr. Roylance recommended revocation of Laris' dealership license and forfeiture of its bond pursuant to Wyo. Stat. Ann. § 31–16–103(c)(i) (LexisNexis 2003) and Chapter 5, Section 4(b) of the DOT rules and regulations.

[¶ 5] By letter dated August 10, 2000, DOT provided Laris notice of its intent to institute proceedings to revoke its license and forfeit its bond. Although no such request appears in the record, Laris apparently requested a hearing, and a hearing was held before OAH on August 3, 2001. At the hearing, Laris admitted many of the failures in the documentation but testified through Mr. Legarda they were due to the actions of one employee who was fired as soon as the failures were known.

[¶ 6] Following the hearing, both parties submitted findings of fact and conclusions of law. OAH entered an order on September 24, 2001, finding DOT's compliance review indicated certain failings in Laris' paperwork constituting violations of DOT statutes and rules, including that some records were at the accountant's office and not stored on site as required, four vehicles on site were not listed on the daily record, and DOT investigators were not able to determine the exact number of vehicles owned by Laris due to inadequate records. Based on the evidence presented at the hearing, the OAH order found only that a temporary license permit record was not available, certain title documents for a 1986 Mercury Sable were still in the dealer's possession, and numerous temporary license permit stubs were not timely forwarded to DOT. OAH also found that, when Laris was inspected just over a year later, no violations were found. Based upon these findings, OAH concluded Laris failed to provide a certificate of title to a purchaser of a vehicle within the time required pursuant to Wyo. Stat. Ann. § 31–2–104(a)(iii) (LexisNexis 2001) (repealed 2003), failed to keep and maintain at its place of business a permanent legible daily record of all vehicles as required by § 31–11–107(a) and failed to properly maintain a written record in numerical sequence of every temporary license permit issued in compliance with Chapter 5, Section 8(e) of the Wyoming DOT Vehicle Dealers Rules. Based upon these violations and DOT's discretion to revoke licenses when violations are found, OAH upheld DOT's proposed revocation of Laris' dealer license and bond forfeiture.

[¶ 7] Laris filed a petition for review in the district court pursuant to W.R.A.P. 12.01, claiming the OAH order was unsupported by substantial evidence, arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law and the facts presented. The parties filed briefs and presented oral argument, and, on July 9, 2002, the district court entered an order reversing the OAH order.

[¶ 8] In its order, the district court quoted § 31–16–103(c) and Chapter 5 of the DOT rules and regulations, which provide respectively that DOT "may" suspend or revoke a license for specified statutory violations and

such violations "may" result in forfeiture of the bond.[2] The district court then stated in pertinent part:

> [I]t is impossible for this Court or any court to review the decision made by the Department. The regulation and statute provide no "measuring stick" by which the courts can determine if the Department even handedly applies these sections. The statute provides that the Department *may* suspend or revoke, yet there seems to be no guidance as to when the Department suspends rather than revokes a license. Similarly, the bond regulation provides no guidance as to when the full bond is forfeited. In other words, without further defining factors or standards the Department could decide in one case to only forfeit the bond, while in another similar case the Department could suspend the license while leaving the bond in place, or perhaps forfeit the bond and revoke the license. In this case, there is no way for this Court to determine if action taken against the Petitioner is in fact appropriate, and any affirmance of the Department's action would simply be rubber stamped. This Court is satisfied that, in the absence of regulatory standards, W.S. § 31–16–103(c) and Chapter 5 § 5(b) of the D.O.T. regulations are too amorphous to permit judicial review of the action of the D.O.T. Consequently, any such action inherently is arbitrary and capricious. *See e.g. Matter of Bessemer Mt.*, 856 P.2d 450 (Wyo.1993).

2. Section 31–16–103(c) provides:

(c) The department may deny, suspend, revoke or refuse to renew a license issued under this act if it finds the person, applicant, vehicle dealer, salesperson, agent or Wyoming based manufacturer:

(i) Knowingly violated any rule, regulation or statute or any federal law regulating dealers and manufacturers, or any federal vehicle safety standards applicable to dealers or Wyoming based manufacturers;

(ii) Knowingly made a materially false statement in applying for a license, demo plates, full use plates, temporary registration permits, or dealer reassignment documents used by the applicant;

(iii) Failed to furnish or keep in force the required bond;

(iv) Has any previous administrative or criminal actions or has lost a civil action in

The district court reversed the OAH order and "remanded for further determination to be made in the light of standards encompassing appropriate criteria and factors" for the sanctions adopted in the DOT rules and regulations.

## STANDARD OF REVIEW

[¶ 9] Our review is governed by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2003), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

. . . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

this state or any other state relating to the conduct of the business license or applied for during the ten (10) years preceding the date of the application;

(v) Used or permitted the use of demo or full use plates in an unauthorized manner or for an unauthorized purpose;

(vi) Used or permitted the use of temporary registration permits in an unauthorized manner or for an unauthorized purpose.

Chapter 5, Section 4(b) of the DOT rules and regulations provides:

(b) A finding by the department that the dealer or manufacturer practiced fraud; made any fraudulent representation; or violated any statute, rule, or regulation relating to the conduct of the business for which the dealer or manufacturer license is issued may result in forfeiture of the full amount of the surety bond.

[¶ 10] Our review is further governed by the following standards:

> We do not afford any special deference to the district court's decision when we review a matter initiated before an administrative agency. Rather, this court reviews the case as if it came directly from the administrative agency. Our review must focus on the evidence and consider the reasonableness of the agency's exercise of judgment while determining if the agency committed any errors of law. If the agency committed any errors of law, this court must correct them.
>
> Further, in appeals where both parties submit evidence at the administrative hearing, appellate review is limited to application of the substantial evidence test. This court is required to review the entire record in making its ultimate determination on appeal. The substantial evidence test to be applied is as follows:
>
> "In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence." *Newman [v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 2002 WY 91], ¶ 12[, 49 P.3d 163, ¶ 12 (Wyo.2002)] (quoting *State ex rel. Workers' Safety and Compensation Div. v. Jensen,* 2001 WY 51, ¶ 10, 24 P.3d 1133, ¶ 10 (Wyo.2001)).
>
> Even when the factual findings are found to be sufficient under the substantial evidence test, ... this court may be required to apply the arbitrary and capricious standard as a "safety net" to catch other agency action which prejudiced a party's substantial right to the administrative proceeding or which might be contrary to the other WAPA review standards.

*Bryant v. State ex rel. Department of Transportation,* 2002 WY 140, ¶¶ 9–11, 55 P.3d 4, ¶¶ 9–11 (Wyo.2002) (some citations omitted).

To survive judicial review, the record of a contested agency action must contain such factual findings as would permit a court to follow the agency's reasoning from the evidentiary facts on record to its eventual legal conclusions. *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 2002 WY 91, ¶ 16, 49 P.3d 163, ¶ 16 (Wyo.2002). Similarly, a contested case hearing must provide, and the record of that proceeding must document, information sufficient to the making of a reasonable decision. Absent such information, the agency decision must be set aside. *Id.*

## DISCUSSION

[¶ 11] DOT contends the district court's order must be reversed because substantial evidence was presented to support revocation of Laris' license and forfeiture of its bond. DOT further asserts proof of Laris' violations of statutory provisions and DOT rules and regulations is all that is necessary to warrant revocation and, contrary to the district court's ruling, no "measuring stick" or additional standards were required. The statutory provision authorizing license revocation and the rule allowing bond forfeiture are not, DOT claims, "too amorphous to permit judicial review" as the district court found. Laris counters DOT's claims by arguing essentially that the district court's conclusions are correct and the OAH order is arbitrary, capricious, an abuse of discretion, not in accordance with the law, and not supported by substantial evidence.

[¶ 12] We hold the OAH order must be set aside but reach that conclusion for reasons different than those relied upon by the district court. Unlike the district court, we do not conclude the statutory provision and agency rule authorizing revocation and forfeiture are too vague to permit judicial review, nor do we conclude DOT must establish standards clarifying the circumstances when revocation is warranted. Rather, we conclude the OAH order does not contain sufficient factual findings to enable this Court to understand the basis for the hearing examiner's conclusion that Laris' violations warranted revocation of its dealership license rather than suspension or some other lesser punish-

ment. That is, we hold the record does not contain such factual findings as would permit us to follow the agency's reasoning from the evidentiary facts on record to its eventual legal conclusions. *Newman*, 2002 WY 91, ¶ 16, 49 P.3d 163.

[¶ 13] Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2003) sets forth an agency's duty to support its action with sufficient factual findings:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

We have said:

In discharging its duty under § 16–3–110, the agency must "make findings of basic facts upon all of the material issues in the proceeding and upon which its ultimate findings of fact or conclusions are based." *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, 446 P.2d 550, 555 (Wyo. 1968). This Court needs to know "why" an agency decided the way it did. When an agency does not make adequate findings of basic fact, we do not have a rational basis upon which to review its ultimate findings and conclusions.

*Scott v. McTiernan*, 974 P.2d 966, 969 (Wyo. 1999) (citations omitted); *see also Mayland v. Flitner*, 2001 WY 69, ¶ 13, 28 P.3d 838, ¶ 13 (Wyo.2001). It is insufficient for an administrative agency to state only an ultimate fact or conclusion. Each ultimate fact or conclusion must be thoroughly explained in order for a court to determine upon what basis the ultimate fact or conclusion was reached. *Billings v. Wyoming Board of Outfitters and Guides*, 2001 WY 81, ¶ 13, 30 P.3d 557, ¶ 13 (Wyo.2001). When an agency does not set forth the reasons for its actions—that is, when its findings are conclusory—this Court cannot uphold its decision. *Juroszek v. City of Sheridan Board of Adjustment*, 948 P.2d 1370, 1373 (Wyo.1997); *Basin Electric Power Cooperative, Inc. v.*

*Department of Revenue, State of Wyoming*, 970 P.2d 841, 854 (Wyo.1998).

[¶ 14] In the present case, it is clear from the findings of fact in the order that OAH found Laris violated certain DOT statutes and regulations. While we do not question the validity of those findings, we do observe their relatively minor nature. Nothing in the record indicates Laris had a history of such violations despite its many years of operation in Fremont County. While the violations may have resulted in minor inconveniences to those who purchased automobiles from Laris, no one alleged Laris was acting fraudulently or intentionally trying to take advantage of its customers. Following the compliance review, a follow-up inspection revealed no violations. Yet, DOT proposed revoking the license and forfeiting the bond, thus putting Laris out of business permanently. What is not clear from the findings, and what is not apparent anywhere in the record before us, is the reason for the decision to revoke Laris' license rather than suspend or take some other less drastic action to obtain compliance. There is quite simply nothing in the record indicating what facts supported imposition of the most severe penalty available. Under these circumstances, the OAH order cannot stand absent further findings explaining the reasons why revocation, rather than suspension or some other lesser penalty, is warranted. *Scott*, 974 P.2d 966; *Billings*, 2001 WY 81, ¶ 13, 30 P.3d 557.

[¶ 15] In our review of cases arising from agency action, we have held that clear and convincing evidence is required in proceedings against a licensee involving allegations of quasi-criminal wrongdoing and potential loss of a license to engage in a business or livelihood. *Billings*, 2001 WY 81, ¶ 11, 30 P.3d 557; *Painter v. Abels*, 998 P.2d 931, 941 (Wyo.2000). That standard applied in this case. On remand by the district court, OAH must make further findings to clarify what clear and convincing evidence justified revocation of Laris' license.

The district court's order is affirmed with instructions that, when it remands the case

to OAH, it do so for proceedings consistent with this opinion.