2004 WY 43

**In the Matter of the Statement of Termination of Richard S. DAVIS, Appellant (Petitioner),**

v.

**CITY OF CHEYENNE, Appellee (Respondent).**

No. 03–100.

Supreme Court of Wyoming.

April 21, 2004.

Rehearing Denied May 18, 2004.

Representing Appellant: J.C. DeMers, Cheyenne, Wyoming.

Representing Appellee: William G. Hibbler, Special Assistant City Attorney, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE and VOIGT, JJ., and YOUNG, D.J.

KITE, Justice.

[¶ 1] The City of Cheyenne (City) terminated Richard S. Davis (Davis) from his employment as transit manager after four years. Following a hearing, the Cheyenne personnel commission (commission) affirmed the termination decision. Mr. Davis sought review in district court, which affirmed the decision of the commission. Claiming the commission erred in several respects and its decision was not supported by substantial evidence, Mr. Davis appeals to this Court. We find no error and affirm.

## ISSUES

[¶ 2] Mr. Davis raises the following issues:

A. Did the Personnel Commission agency's failure to address numerous issues constitute an arbitrary and capricious action in violation of Appellant's right to a fair hearing?

B. Were the contested case proceedings conducted in a manner contrary to law or deny Appellant due process by considering allegations not specified in the notice of termination?

C. Did the Personnel Commission commit errors of law or violate its own rules and regulations to the detriment of Appellant?

D. Did the violation of its own rules by the City of Cheyenne deny Appellant due process by improperly determining that matters were final and non-appealable?

E. Did the Cheyenne Personnel Commission violate Appellant's First Amend-

ment right to free speech or take action on the basis of other protected communications, thereby requiring reversal of its determination to approve the employment termination?

F. Were the agency findings supported by substantial evidence and sufficiently detailed as required by the Administrative Procedures Act?

G. Did the accumulation of error create a reasonable possibility that in the absence of error the outcome may have been more favorable to Appellant or result in damage to the integrity, reputation and fairness of the justice process?

[¶ 3] The City states the issues as follows:

I. Whether the City of Cheyenne's Personnel Commission violated Appellant's due process rights when it terminated his employment with the City.

II. Whether the decision of the Personnel Commission is based on substantial evidence.

III. Whether the City of Cheyenne denied Appellant's free speech rights.

IV. Whether the Personnel Commission properly declined to decide if Appellant's termination constituted a violation of federal law.

## FACTS

[¶ 4] Mr. Davis was hired as the transit manager for the City in November 1997. He received written notification of his termination on December 3, 2001. Among the reasons given for his termination were failure to timely submit a report upon which federal grant money was dependent, allegations by female employees that he engaged in sexual harassment, allegations that he engaged in non-work related activities during work hours, unprofessional and antagonistic communication with the city attorney's office, failure to communicate effectively with his employees and his supervisor's loss of confidence in Mr. Davis' ability to effectively manage the transit division.

[¶ 5] In accordance with the personnel rules, Mr. Davis requested a hearing before

the commission to contest the termination. A hearing was held on February 19, 2002. The commission heard the testimony of seven city employees, including Mr. Davis. After the hearing, on April 24, 2002, the commission issued findings of fact, conclusions of law and an order affirming Mr. Davis' termination.

## STANDARD OF REVIEW

[¶ 6] We review agency action following contested case hearings in accordance with Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2003), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*State ex rel. Department of Transportation v. Legarda,* 2003 WY 130, ¶ 9, 77 P.3d 708, ¶ 9 (Wyo.2003). Our review is also governed by the following standards:

We do not afford any special deference to the district court's decision when we review a matter initiated before an administrative agency. Rather, this court reviews the case as if it came directly from the administrative agency. Our review must focus on the evidence and consider the reasonableness of the agency's exercise of judgment while determining if the agen-

cy committed any errors of law. If the agency committed any errors of law, this court must correct them.

Further, in appeals where both parties submit evidence at the administrative hearing, appellate review is limited to application of the substantial evidence test. This court is required to review the entire record in making its ultimate determination on appeal. The substantial evidence test to be applied is as follows:

"In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence." *Newman [v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2002 WY 91, ¶ 12, 49 P.3d 163, ¶ 12 (Wyo.2002)] (quoting *State ex rel. Workers' Safety and Compensation Div. v. Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, ¶ 10 (Wyo.2001)).

Even when the factual findings are found to be sufficient under the substantial evidence test, ... this court may be required to apply the arbitrary and capricious standard as a "safety net" to catch other agency action which prejudiced a party's substantial right to the administrative proceeding or which might be contrary to the other WAPA review standards.

*Id.*, ¶ 10. To survive judicial review, the record of a contested agency action must contain such factual findings as would permit a court to follow the agency's reasoning from the evidentiary facts on record to its eventual legal conclusions. *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2002 WY 91, ¶ 16, 49 P.3d 163, ¶ 16 (Wyo.2002). Similarly, a contested case hearing must provide, and the record of that proceeding must document, information sufficient to the making of a reasonable decision.

Absent such information, the agency decision must be set aside. *Id.*

[¶ 7] Of further relevance to our review, we have said:

In contested cases conducted before administrative agencies, the deference that normally is accorded the findings of fact by a trial court is extended to the administrative agency, and we do not adjust the decision of the agency unless it is clearly contrary to the overwhelming weight of the evidence on record. This is so because, in such an instance, the administrative body is the trier of fact and has the duty to weigh the evidence and determine the credibility of witnesses.

*Id.*, ¶ 26. With these standards in mind, we address Mr. Davis' claims in the order he raises them.

## DISCUSSION

**1.** ***Denial of due process by agency's failure to address Mr. Davis' proposed findings and conclusions***

[¶ 8] Mr. Davis claims the commission violated his right to due process in not addressing his proposed findings of fact and conclusions of law in its written decision. After the hearing, the commission ordered Mr. Davis and the City to submit proposed findings of fact and conclusions of law. The commission did not incorporate Mr. Davis' proposed findings and conclusions in its written decision and he asserts there is nothing in the record demonstrating it considered them. He further asserts the record is silent as to the commission's reasons for rejecting them. He claims the absence of such from the record shows the commission acted arbitrarily and capriciously in upholding his termination.

[¶ 9] The City contends the commission had no obligation to adopt Mr. Davis' proposed findings and conclusions and was entitled to give them the weight it felt they deserved. The City further asserts there is no authority for Mr. Davis' argument that an agency violates due process or acts arbitrarily and capriciously by declining to adopt a party's findings and conclusions. Finally, the City argues there is no evidence that the

commission did not consider Mr. Davis' findings and conclusions in reaching its decision.

[¶ 10] Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2003) addresses findings of fact and conclusions of law made by an agency following contested case hearings.[1] That section provides in relevant part:

> A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings....

Applying this provision, we have said an agency is required to make findings of basic facts upon all material issues and upon which its ultimate findings of fact or conclusions are based. *Scott v. McTiernan*, 974 P.2d 966, 969 (Wyo.1999). We also have said each ultimate fact or conclusion must be thoroughly explained in order to facilitate judicial review. *Legarda*, ¶ 13. We have not said, and the statute does not require, that an agency must expressly state why it rejected a party's proposed findings of fact and conclusions of law, nor have we concluded that the failure to do so constitutes a violation of due process or is arbitrary and capricious. It would seem to be implicit in an agency's adoption of one party's findings and conclusions that the agency did not find persuasive the evidence presented in support of the opposing party's proposed findings and conclusions. Absent some direct evidence that a party's proposed findings were given no consideration, an agency's failure to adopt or address them does not equate with arbitrariness.

[¶ 11] Mr. Davis filed twenty-three pages of proposed findings and conclusions. In his argument before this Court, he does not identify which of those proposed findings and conclusions the commission improperly failed to consider or include in its findings and conclusions. Reviewing them in their entirety, some of Mr. Davis' findings are immaterial to the issue of whether his termination was warranted. For example, Mr. Davis' findings include a paragraph describing his work history prior to becoming transit manager and several more paragraphs identifying his accomplishments while serving as transit manager. While such evidence was relevant and admissible at the hearing, it is not material to this Court's understanding of the commission's reasoning for affirming the termination. Other of Mr. Davis' findings allege facts that were not established by or misstate the evidence presented. Still others are more in the form of conclusions of law than findings of fact and are not an accurate statement of either. Some findings were more in the form of argument than actual facts shown by the evidence. One of his findings, for example, states: "It was reasonably expected by Mr. Davis that Ms. Jording would complete the Section 15 Report and have the report filed ... by October 28, 2001." From our review of the record, we are not persuaded that the evidence established that Mr. Davis could have reasonably expected Ms. Jording to complete the report by October 28.

[¶ 12] In contrast, the findings of fact, conclusions of law and order issued by the commission comprised eleven pages. Although many of the findings appear to be taken from the City's proposed findings, the evidence in the record directly supports those findings, they bear on material issues in the proceeding and clearly form the basis for the commission's ultimate findings and conclusions. Additionally, the commission's findings of basic fact, together with the record before us, provides a rational basis from which this Court is able to follow the commission's reasoning from the evidentiary facts on record to its eventual legal conclusions. We have said:

> In discharging its duty under § 16–3–110, the agency must "make findings of

---

1. Wyo. Stat. Ann. § 16–3–107(*o*) also refers to findings as follows:

 (*o*) The record in a contested case must include:

 . . .

 (iv) Any proposed findings and exceptions thereto:

 (v) Any opinion, findings, decision or order of the agency....

basic facts upon all of the material issues in the proceeding and upon which its ultimate findings of fact or conclusions are based." *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, 446 P.2d 550, 555 (Wyo. 1968). This Court needs to know "why" an agency decided the way it did. When an agency does not make adequate findings of basic fact, we do not have a rational basis upon which to review its ultimate findings and conclusions.

*Legarda,* ¶ 13. We hold the commission met this standard—it made findings of basic facts upon all the material issues in the proceeding and upon which its ultimate findings and conclusions were based. From reviewing the record and the commission's findings, we are able to discern why the commission affirmed the termination. The commission's findings give us an adequate basis upon which to review its ultimate findings and conclusions. Therefore, Mr. Davis' first claim is without merit.

### 2. *Error in commission's consideration of allegations not contained in termination notice*

 [¶ 13] Mr. Davis contends the commission improperly considered evidence of alleged misconduct that was not contained in the termination notice. Specifically, Mr. Davis refers to the commission's finding that he used a computer belonging to the City to send an e-mail message to his wife in which he referred to an assistant city attorney as "an incompetent *—*—*—*—*—*—*!!!" Based upon this finding of fact, the commission concluded Mr. Davis violated city personnel rules prohibiting use of city property for personal business and requiring employees to work cooperatively and harmoniously with other employees. He asserts the commission's reliance on this evidence as a basis for affirming his termination violated the City's personnel rules and his constitutional right to due process, and was arbitrary and capricious.

2. The September 28, 2001, letter also referenced Mr. Davis playing games on his palm pilot "or engaging in other activities not related to the

[¶ 14] The City concedes that Mr. Davis had a property interest in his employment as transit manager entitling him to due process. The City argues, however, that no violation of city rules or due process occurred nor was the commission's reliance on the evidence arbitrary and capricious because Mr. Davis had adequate notice that the City intended to use the e-mail and then placed the e-mail into evidence himself. As evidence of adequate notice, the City points to the statement of termination paragraph referencing Mr. Davis' alleged participation in non-work related activities as one of the reasons for his termination and its disclosure statement submitted in advance of the hearing, which it asserts included a copy of the e-mail.

[¶ 15] The termination notice did not specifically enumerate the non-work related activities that Mr. Davis admitted he engaged in during work hours. Instead, the notice stated as the third reason for termination:

Allegations by three employees that you play games on your Palm Pilot *and participate in other non-work related activities during duty hours* for which you were issued a letter of reprimand on September 28, 2001.[2] (Violation of City Personnel Rules and Regulations, Chapter XII, Section 1 A.11.) (emphasis added).

Chapter XII, Section 3.C of the personnel rules provided in relevant part:

Prior to dismissing an employee, the employee's department head and the personnel director will meet with the employee and explain the reasons for the intended action, providing an opportunity for the employee to respond to the proposed termination. The employee will receive a written statement of termination that provides notification of the reasons for the proposed action and an effective date. . . .

The Wyoming Administrative Procedures Act further provides:

§ 16–3–107. Contested cases; general procedure.

(a) In any contested case, all parties shall be afforded an opportunity for hear-

job." Like the termination notice, it did not enumerate the "other activities."

ing after reasonable notice served personally or by mail.

 (b) The notice shall include a statement of:

 . . .

 (iv) A short and plain statement of the matters asserted.

[¶ 16] It was not until after Mr. Davis' termination, in the City's pre-hearing disclosure statement, that the "other non-work related" activities were identified.[3] Then, Mr. Davis admitted that he did cross word puzzles, personal bank business and personal e-mails during work hours. Mr. Davis was not informed specifically about the e-mail until after his December 3 termination. It is this lack of notice that he claims was arbitrary and capricious and violated the personnel policies and due process.

[¶ 17] We said in *Lucero v. Mathews*, 901 P.2d 1115, 1120 (Wyo.1995) that public employees must be given notice sufficient to afford them a reasonable opportunity to know the claims of the opposing party and meet them. "The notice must contain adequate and specific notice of the charges for which the employee is being terminated." *Id.* The notice must be sufficient to afford the employee "a real and meaningful opportunity to respond to every charge or allegation brought against him as a basis for termination." *Id.* Absent an opportunity to respond to every allegation that is the basis for termination, a public employee has not been given a real and meaningful opportunity to be heard and is deprived of due process. *Id.*

[¶ 18] Based on these standards, we held in *Powell v. Board of Trustees of Crook County School District No. 1*, 550 P.2d 1112 (Wyo.1976) that the school board violated an employee's due process when it charged him with violating policies involving student discipline and then, without notice or a hearing, terminated him for inability to control student conduct. Quoting *Glenn v. Board of County Commissioners, Sheridan County*, 440 P.2d 1, 4 (Wyo.1968) we said: "The

important question is whether the parties had fair notice of the issues involved."

[¶ 19] We hold that Mr. Davis' due process rights were not violated by the City's failure to specifically reference the e-mail to his wife in the December 3 termination notice. The termination notice mentioned Mr. Davis' use of his palm pilot "and other non-work related activities," putting him on notice that the palm pilot was not the only non-work related activity at issue. By the time of the hearing, Mr. Davis was aware that the City had listed the e-mail as an exhibit and intended to rely upon it as one of the reasons for his termination. Mr. Davis raised no objection to the e-mail prior to or during the hearing. The record supports the commission's decision affirming the termination.

### 3. *Violation of personnel rules to Mr. Davis' detriment*

[¶ 20] Mr. Davis claims the City violated the personnel rules and his right to due process in failing to follow the progressive discipline procedure contained in the rules. Specifically, he claims the City violated Section 3.A of the personnel rules, which provided:

> Written reprimand. A supervisor may censure an employee for cause by providing a written reprimand (correction interview) to the employee specifying the reason(s) for the reprimand, noting previous verbal warnings or discussions, as appropriate, and informing the employee of the corrective action necessary to avoid further discipline. The original of the written correction interview will be placed in the employee's file in the Human Resources Office.

Mr. Davis asserts the City did not issue a letter of reprimand within the meaning of this provision and it was error for the commission to conclude otherwise and to further conclude that he did not timely grieve the letter, making it final and non-appealable.

---

**3.** The City claims the e-mail was attached to its pre-hearing disclosure statement. The disclosure statement contained in the record before this Court has no attachments. However, it is apparent from the hearing transcript that Mr. Davis knew prior to his testimony that the City had submitted exhibits of e-mails from him to his wife.

[¶ 21] Mr. Davis also contends the City violated the personnel rules governing investigations of sexual harassment allegations. He claims the city attorney's office did not adequately perform or document its investigation as required by Section 3.F.4 of the personnel rules, which states:

> During the investigation, reasonable efforts to substantiate the allegation will be made, including objective examination of the conduct of all involved parties, and detailed documentation by the investigator of all investigatory action taken, including express documentation of the investigation results.

Mr. Davis asserts, because of the City's failure to comply with its rules, the commission should not have considered the results of the investigation. Mr. Davis also claims there was no credible evidence establishing that his use of his palm pilot and the other non-work related activities to which he admitted constituted unsatisfactory work performance within the meaning of Chapter XII, Section 1.A.11.

[¶ 22] The City argues that the personnel rules did not require a letter of reprimand to be placed in Mr. Davis' file. The City contends such action is discretionary, as evidenced by the use of the word "may" in the first sentence of Section 3.A. The City further contends Mr. Smith's decision not to place the reprimand in Mr. Davis' file has no bearing on whether his termination was warranted. Finally, the City claims the question of whether Mr. Davis grieved or appealed the reprimand is irrelevant to the issue of whether he was properly terminated for conduct that he admitted to at the hearing. Essentially, the City contends there was sufficient evidence warranting Mr. Davis' termination for cause without the administration of discipline in progressive stages.

[¶ 23] We agree that the City was not required under the personnel rules to issue Mr. Davis a letter of reprimand or administer discipline in progressive stages. The rules are clear that while the department head was expected to *attempt* to follow progressive discipline procedures, immediate termination was permissible in some circumstances. Section 2.A of the rules provided:

A. The department head shall, except in cases of flagrant employee behavior where termination would appear to be a reasonable result for this type of action, attempt to administer employee discipline in progressive stages to seek corrective results. . . .

B. . . . Depending on the severity of the action, any step in Section 3 may be utilized.

Section 3 provided for three types of discipline—written reprimand, suspension and termination. Section 3.C.1 allowed the department head the discretion to terminate an employee "if the nature and extent of the just cause is such that other disciplinary action is not appropriate."

[¶ 24] The record in this case reflects that Mr. Davis was counseled in September 2001 concerning allegations of sexual harassment and mismanagement, which had resulted in a loss of confidence in him by his subordinates. The record also reflects that two months later the City learned that the transit department, under Mr. Davis' management, failed to complete a report upon which a $600,000 grant was dependent. Although Mr. Davis testified that he delegated the responsibility for preparing and submitting the grant to his subordinate, other evidence established that the responsibility for preparing grants was one of the transit manager's essential functions and the City paid for Mr. Davis to receive training in preparing the grant. From the evidence in the record before us, we are not inclined to second-guess the commission's conclusion, based upon its observation of the witnesses and opportunity to weigh their credibility, that termination without further warning or suspension was warranted and in compliance with the personnel rules.

### 4. Violation of Mr. Davis' First Amendment right to free speech

[¶ 25] Mr. Davis asserts the commission violated his right to free speech in that its decision to uphold his termination was based in part on protected communications with the city attorney's office on matters of public concern (i.e. access of disabled persons to public pedestrian routes and safe-

ty issues) and a protected communication with his wife, which he alleges also involved a matter of public concern (the competency of the city attorney). The City responds alternatively that the speech at issue was not protected, this Court should decline to address the question because it was not raised below and this Court cannot consider the question because it is not properly before us.

[¶ 26] Our general rule is that we will not consider claims raised for the first time on appeal. *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1208 (Wyo.2000). We recognize only two exceptions to that rule: when the issue raises jurisdictional questions or it is of such a fundamental nature that it must be considered. *Id.* On this basis, in *WW Enterprises, Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo.1998), we declined to consider a substantive due process claim because it was not raised below. We said: "This court has taken a dim view of a litigant trying a case on one theory and appealing it on another.... Parties are bound by the theories they advanced below." *Id.*

[¶ 27] Mr. Davis did not claim his First Amendment rights were violated in the hearing before the commission. The first mention of such a violation occurred in his petition for review to the district court. The authority of the district court, and this Court, is limited to the issues raised before the agency. *Fisch v. Allsop*, 4 P.3d 204, 209 (Wyo.2000). Because Mr. Davis did not claim his First Amendment rights were violated when the commission heard the matter, we decline to address the issue.

### 5. *Agency findings not supported by substantial evidence*

[¶ 28] Mr. Davis claims the commission's findings 5 through 21 were not supported by substantial evidence and are fatally flawed because they assert ultimate facts rather than basic facts as required by our holding in *In re Billings v. State Board of Outfitters and Guides*, 2001 WY 81, ¶ 14, 30 P.3d 557, ¶ 14 (Wyo.2001). The City asserts substantial evidence was presented that Mr. Davis violated several personnel rules and performed his job in a deficient manner fully justifying the commission's decision to terminate him. The City further contends the commission's order contains sufficient information about each ultimate fact for this Court to determine upon what basis it reached the ultimate facts and conclusions and, therefore, satisfies the requirements set forth in our prior case law.

[¶ 29] Having examined the entire record as we are required to do to determine whether there is substantial evidence to support the commission's findings, we conclude the commission's decision was supported by substantial evidence; that is, we find sufficient relevant evidence which a reasonable mind might accept as supporting Mr. Davis' termination. There is a great deal more in the record before us than a scintilla of evidence supporting his termination. Although standing alone some of the reasons given by the City for terminating Mr. Davis in our view would not warrant termination, considering the record as a whole we hold that the decision to terminate was supported by substantial evidence. Giving due deference to the commission's opportunity to weigh the evidence and determine the credibility of the witnesses, we hold the findings and conclusions are not clearly contrary to the overwhelming weight of the evidence on record.

### 6. *Cumulative error*

[¶ 30] Mr. Davis claims the accumulation of error in the commission proceedings necessitates reversal because a reasonable possibility exists that absent the error his termination may have been reversed or because the error damaged the integrity and fairness of the process. As set forth in the discussion above, we find in the record before us substantial evidence supporting the commission's decision. Additionally, we are not persuaded from our review of the record that the commission committed error in the manner in which it addressed the issues as framed by Mr. Davis.

[¶ 31] Affirmed.