2005 WY 43

**LARAMIE COUNTY SCHOOL DISTRICT # 2, Appellant (Respondent),**

v.

**ALBIN CATS CHARTER SCHOOL, INC., Appellee (Petitioner).**

**No. 04–199.**

Supreme Court of Wyoming.

April 13, 2005.

Representing Appellant: Bruce S. Asay of Associated Legal Group, LLC, Cheyenne, Wyoming.

Representing Appellee: Brian S. Bailey and Henry F. Bailey, Jr. of Bailey, Stock & Harmon, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., SPANGLER, D.J. Ret.

VOIGT, Justice.

[¶1] In this appeal, a school district board of trustees challenges a district court's order remanding to it for action a charter school application. We affirm in part, reverse in part, and remand.

## FACTS

[¶2] Wyo. Stat. Ann. §§ 21–3–301, *et seq.* (LexisNexis 2001 and 2003), provide for the creation of charter schools within Wyoming's existing school district system. Application for establishment of a charter school is made to the local school district board of trustees. The application *shall* be denied if the board determines that "its sole purpose is to avoid consolidation or closure of any school...." Wyo. Stat. Ann. § 21–3–303(b).

[¶3] On September 9, 2002, the Laramie County School District No. 2 Board of Trustees (the District Board) closed the junior and senior high schools in Albin, Wyoming. On December 9, 2002, the District Board received a document entitled "Charter Application for Albin CATS School (Creative Academic Teaching Strategies)." The District Board considered the application to be filed ·on January 2, 2003, the date it received notice that "Albin CATS Charter Schools, Inc." (the Applicant) was approved by the Wyoming Secretary of State as a non-profit corporation.

[¶4] Pursuant to statute, the District Board held a public hearing on the application on January 27, 2003, and it considered the matter further at a special meeting on March 3, 2003. At the latter meeting, a board member moved as follows:

I move that [as] the Board moves ahead with its consideration of the proposal and submitting a proposed contract that it is the determination of this Board that the effort by Albin CATS to create a charter school was not for the "sole" and only purpose of avoiding a closure of the Albin Junior and Senior High Schools.

The motion was seconded. Of the nine members of the District Board, eight were pres-ent. The vote was four to four. Treating the vote as a failure of the motion, and, therefore, a determination that the application *was* for the sole purpose of avoiding closure of the Albin schools, the District Board entered an Order Denying Application.

[¶5] On March 11, 2003, the Applicant submitted a Notice of Appeal with the Wyoming State Board of Education (the State Board). The gravamen of the appeal was the contention that the tie vote, rather than being a vote against the motion's negative proposition—that the purpose of the application *was not* to avoid school closure—and therefore, in effect, a vote in favor of the opposite proposition—that the purpose of the application *was* to avoid school closure—was not a vote at all, and was the same as taking no action at all. Finally, the Applicant contended that this inaction violated the mandate of Wyo. Stat. Ann. § 21–3–308(a) that the District Board "shall either approve or deny the application within sixty (60) days of receipt." Following a hearing on May 14, 2003, the State Board upheld the District Board's decision on the ground that the decision was based upon Wyo. Stat. Ann. § 21–3–303(b), and was supported by the record.

[¶6] On September 29, 2003, the Applicant appealed the ruling of the State Board to the district court. In that appeal, the Applicant complained that the following finding from the District Board's Order Denying Application, "The Board on a tied vote ... found in fact, Albin CATS' sole purpose in submitting its Application to convert the existing school to a Charter School was, in fact, to avoid closure of the Albin Junior and Senior High Schools[,]" violated the requirement in Wyo. Stat. Ann. § 21–3–105 (LexisNexis 2003) that "[n]o action of the board of trustees shall be valid unless such action shall receive the approval of a majority of the members elected to the board of trustees."

[¶7] The District Board filed a Motion to Dismiss in the district court, alleging that the District Board, rather than the State Board, should have been the named appellee, that the Applicant should have filed a petition for review rather than a notice of appeal, and the notice of appeal failed to include the informa-

tion required by W.R.A.P. 12.06. On June 18, 2004, the district court entered an order dismissing the State Board from the action and substituting the District Board as "respondent." After finding that the tie vote of the District Board was not effective under Wyo. Stat. Ann. § 21-3-105, the district court remanded the matter to the District Board "for action by a majority of the members elected to it." On July 9, 2004, the district court denied the District Board's motion for rehearing/reconsideration. The present appeal is taken from the orders of June 18, 2004, and July 9, 2004.

## ISSUES

1. Did the district court err in remanding this action to the District Board?

2. Did the district court err in ignoring the jurisdictional defects contained in the Notice of Appeal?

3. Was the agency decision supported by substantial evidence?

## STANDARD OF REVIEW

[¶ 8] Our standard for the review of appeals from administrative agency action is well known and need not be repeated here. *See Davis v. City of Cheyenne*, 2004 WY 43, ¶¶ 6–7, 88 P.3d 481, 484–85 (Wyo.2004); *State ex rel. Dept. of Transp. v. Legarda*, 2003 WY 130, ¶¶ 9–10, 77 P.3d 708, 711–12 (Wyo.2003); and *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 91, ¶¶ 7–26, 49 P.3d 163, 166–173 (Wyo.2002).

## DISCUSSION

[¶ 9] In the interests of judicial economy, we will not consider the issues individually, but will directly address the dispositive issue. The motion before the District Board said, in effect, that the application was not for the sole purpose of avoiding school closures. That motion failed on a tie vote. In other words, the only action of the District Board was a failure to find the negative proposition. Nevertheless, based upon that vote, the District Board entered an order affirming the opposite positive proposition that the tie vote was a finding that the sole purpose of the

application was to avoid school closures. The problem in this case is simply that the District Board's order was inconsistent with its actual factual determination.

[¶ 10] The district court found, and the Applicant now argues, that the effect of the tie vote was that the District Board took no action, as it is required to do by Wyo. Stat. Ann. § 21-3-308 ("the district board shall either approve or deny the application within sixty (60) days of receipt"). The District Board counters by arguing that, under its operative rules, as well as under traditional parliamentary law, a tie vote results in failure of adoption. *See Hirschfield v. Board of County Com'rs of County of Teton*, 944 P.2d 1139, 1143–44 (Wyo.1997) and 59 Am.Jur.2d *Parliamentary Law* §§ 3, 17 (2002). The District Board then concludes that, given its failure to find a statutory precondition for consideration of the application, the application had to fail.

[¶ 11] We cannot fully accept either of these positions. First, it is clear that the District Board did, indeed, take action; it denied the application. The problem is that the District Board never found one way or the other on the statutory precondition before it took that action. The District Board's failure to find that the application *was not* made solely to avoid school closures was not a finding that the application *was* made solely to avoid school closures.

## CONCLUSION

[¶ 12] We affirm the decision of the district court remanding this matter to the District Board because the District Board's action was not supported by an appropriate finding on a statutorily required precondition. However, we reverse that portion of the district court's order that requires the District Board to vote anew on the application, because the effect of this decision is simply to vacate the Order Denying Application, leaving the application still pending before the District Board. It is not for the courts in this circumstance to tell the Applicant and the District Board whether to continue to pursue that application. The ques-

tion of potential future courses of action is not presently before this Court.

[¶ 13] Affirmed in part, reversed in part and remanded to the district court for further remand to the District Board.