# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 154

## OCTOBER TERM, A.D. 2022

## December 6, 2022

ARSENIO LEMUS-FRAUSTO,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DIVISION OF CRIMINAL
INVESTIGATION,

Appellee
(Respondent).

S-22-0083

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*
Donna D. Domonkos, Domonkos Law Office, LLC, Cheyenne, Wyoming.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kellsie J. Singleton, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]   The Division of Criminal Investigation (DCI) denied Arsenio Lemus-Frausto's (Applicant) application for a concealed firearm permit renewal based on recommendations and information from the Albany County Sheriff (Sheriff) and the City of Laramie Chief of Police (Chief of Police).  The district court affirmed DCI's decision.  Applicant appeals, and we affirm.

## ISSUE

[¶2]   Was DCI's denial of Applicant's concealed firearm permit application arbitrary, capricious, and otherwise not in accordance with the law?

## FACTS

[¶3]   Concealed firearm permits are governed by Wyo. Stat. Ann. § 6-8-104 and are valid for five years.  Wyo. Stat. Ann. § 6-8-104(b).  Applicant had a concealed firearm permit which expired December 30, 2020.  He applied for renewal in January 2021.  When an application for a concealed firearm permit is made, the sheriff and the chief of police of the applicant's county of residence are required to submit a written report to DCI containing information pertinent to the issuance of the permit.  Those reports should contain facts "which establish reasonable grounds to believe that the applicant . . . is reasonably likely to be a danger to himself or others, or to the community at large" because of "the applicant's . . . participation in incidents involving a controlled substance, alcohol abuse, violence or threats of violence as these incidents relate to criteria listed in this section."  Wyo. Stat. Ann. § 6-8-104(g) (LexisNexis 2021).  Applicant lives in Albany County and applied for renewal there.  The Albany County Sheriff and the City of Laramie Chief of Police each submitted a report to DCI using a standard report form.  The form contained a yes or no checklist for the convenience of the sheriff or chief of police in addressing the criteria found in Wyo. Stat. Ann. § 6-8-104.  It also provided a yes or no checkbox for the final recommendation to approve or deny the application.  The form included a section for narrative explanation of checked boxes.

[¶4]   In his report, the Sheriff checked "yes" when asked if Applicant had a local police record and "yes" on whether Applicant may be a danger to others and to the community at large.  The form instructs that a "yes" response requires further explanation in the narrative portion of the report.  The Sheriff provided a limited narrative stating that Applicant had an "extensive history of domestic violence, sex crimes, alcohol crimes, [and] property crimes from 1988–present."  The Sheriff recommended against the issuance of a concealed firearm permit.

[¶5]   On his report, the Chief of Police checked "yes" to whether Applicant had a local police record and "no" on the box asking if Applicant may be a danger to others and the

1

community at large. In his narrative, the Chief of Police noted that Applicant had an "extensive history of domestics," but recommended the issuance of a concealed firearm permit. After receiving these reports, DCI sent an email to the Sheriff. The email pointed out that Applicant had no convictions since his last renewal and sought confirmation that the Sheriff was recommending denial despite the absence of recent convictions. The Sheriff confirmed his recommendation to deny the permit.

[¶6]    DCI notified Applicant, by letter, that his renewal application was denied "based upon previous contacts with local law enforcement." The letter informed Applicant that he could submit a request for reconsideration along with "any additional documentation relating to the grounds for denial." Applicant submitted a request for reconsideration, but did not include any additional documentation. After receiving the request, DCI asked the Sheriff for more information. In response, DCI received Laramie Police Department subject information sheets (Information Sheets) which contained a log of the Applicant's contacts with law enforcement. Each contact listed on the log includes the date and category of the contact such as—victim, witness, or suspect. The log shows an extensive history of police contacts. In the five years before the expiration of his prior permit, he had more than fifty separate incidents. Among those were nine instances where he was listed as a suspect in reports of domestic disturbance, burglary, or hit-and-run. DCI wrote to Applicant affirming its previous denial of the permit and stating that it made its decision after "reach[ing] out to the local law enforcement." Applicant appealed to the district court. The district court affirmed, and Applicant appeals.

## STANDARD OF REVIEW

[¶7]    Judicial review of administrative decisions is governed by Wyo. Stat. Ann. § 16-3-114(c) which provides:

> (c)    . . . the reviewing court shall decide all relevant questions of law, interpret . . . statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
>                  .    .    .
>
> > (ii)    Hold unlawful and set aside agency action, findings and conclusions found to be:

2

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2021).

[¶8] Further, we afford no special deference to the district court's decision when we review an agency action, instead reviewing the action as if it came to us directly from the agency. *Camacho v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 92, ¶ 17, 448 P.3d 834, 840–41 (Wyo. 2019); *Griess v. Off. of the Att'y Gen., Div. of Crim. Investigation*, 932 P.2d 734, 736 (Wyo. 1997). "Our review must focus on the evidence and consider the reasonableness of the agency's exercise of judgment while determining if the agency committed any errors of law." *King v. Wyoming Div. of Crim. Investigation*, 2004 WY 52, ¶ 8, 89 P.3d 341, 344 (Wyo. 2004) (quoting *State ex rel. Dep't of Transp. v. Legarda*, 2003 WY 130, ¶ 10, 77 P.3d 708, 712 (Wyo. 2003)); *Camacho*, ¶ 17, 448 P.3d at 840–41.

## *DISCUSSION*

[¶9] Applicant claims DCI's decision was arbitrary and capricious for two reasons. First, he claims DCI's general statement of the basis for denial—"police contacts"—without a description of those contacts precluded a meaningful opportunity to rebut the decision. Second, he argues the decision was based on facts in existence when his previous permit was issued. He argues that a contrary decision based on the same facts has no reasonable basis and is arbitrary and capricious.[1]

## A. Applicant had a meaningful opportunity to rebut the evidence against him.

[¶10] Wyo. Stat. Ann. § 6-8-104(m) governs the process afforded to a party whose concealed carry permit application is denied.

---

[1] Applicant also argues the "overwhelming weight of the evidence" establishes there were no new facts on which DCI reached a contrary result from the original determination that he qualified for a concealed carry permit. This standard does not apply here. We only consider whether an agency's decision was contrary to the overwhelming weight of the evidence when it was made after a contested case hearing. *Hardy v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 42, ¶ 10, 394 P.3d 454, 457 (Wyo. 2017) (quoting *Matter of Claim of Hood*, 2016 WY 104, ¶ 14, 382 P.3d 772, 776 (Wyo. 2016)). Our precedent establishes that a contested case hearing was not warranted here. Carrying a concealed weapon is a privilege and not a right, meaning there is no constitutional right to a hearing. *Mecikalski v. Off. of Att'y Gen., Div. of Crim. Investigation*, 2 P.3d 1039, 1041 (Wyo. 2000). Additionally, "[n]either the concealed weapon statute nor the Administrative Procedures Act contains any requirement for a hearing." *King*, ¶ 28, 89 P.3d at 352.

(m) The division shall, within sixty (60) days after the date of receipt of the items listed in subsection (e)[2] of this section, either:

    (i)    Issue the permit; or

    (ii)    Deny the application based on the ground that the applicant fails to qualify under the criteria listed in this section or upon reasonable grounds for denial specified under subsection (g) of this section. *If the division denies the application, it shall notify the applicant in writing, stating the grounds for denial and informing the applicant of a right to submit, within thirty (30) days, any additional documentation relating to the grounds of denial.* Upon receiving any additional documentation, the division shall reconsider its decision and inform the applicant within twenty (20) days of the result of the reconsideration. The applicant shall further be informed of the right to seek review of the denial in the district court pursuant to the Wyoming Administrative Procedure Act, W.S. 16-3-101 through 16-3-115.

Wyo. Stat. Ann. § 6-8-104(m) (LexisNexis 2021) (emphasis added).

[¶11] Applicant argues that he had a right to be informed of the evidence against him, and that without this information he could not rebut DCI's decision in a meaningful way. We addressed an applicant's right to the information used by DCI as a basis of its decision in *Mecikalski*. There, we found that the applicant's implied request for information underlying DCI's decision amounted to a request for discovery. We pointed out that the statute does not provide for discovery or a formal hearing and declined to read those requirements into the statute. *Mecikalski v. Off. of Att'y Gen., Div. of Crim. Investigation*, 2 P.3d 1039, 1047 (Wyo. 2000); *see* Wyo. Stat. Ann. § 6-8-104(g).[3] The statute does not

---

[2] Wyo. Stat. Ann. § 6-8-104(e) directs the applicant to complete an application, pay a fee, provide a full set of fingerprints, and provide evidence of familiarity with a firearm.

[3] Wyo. Stat. Ann. § 6-8-104(g) reads:

    (g)    The sheriff of the applicant's county of residence shall submit a written report to the division containing any information that he feels may be pertinent to the issuance of a permit to any applicant. The written report shall state facts known to the sheriff which establish reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to himself or others, or to the community at large as a result of the

require DCI provide the information requested by Applicant. Here, as in *Mecikalski*, we "decline to read such requirement[] into the statute." *Mecikalski* at 1047.

[¶12] In compliance with Wyo. Stat. Ann. § 6-8-104(m)(ii), DCI's initial denial letter informed Applicant of the basis of its denial—"police contacts." The letter notified him, that he had a right to provide "any additional documentation," and that if he did so, DCI was required to reconsider its decision. The statute sets forth the information that is pertinent to the issuance of a concealed carry permit, and Applicant, having been the suspect, witness, or victim, was fully aware of his own police contacts. On receiving DCI's denial of his permit, Applicant requested reconsideration, but provided no additional information to counter any concerns related to the statutory considerations. Applicant is limited to the statutory procedures for reconsideration. The fact that he chose not to provide additional information did not deny him a meaningful opportunity to rebut the evidence against him. *See Mecikalski*, 2 P.3d at 1047 (Although Mecikalski did submit such a request for reconsideration, "it was not accompanied by documentation, rebuttal, explanation, argument, authority, affidavits, or any other written material which served to discredit the decision reached by DCI.").

**B.    DCI's contradictory decisions were not based on same facts.**

[¶13] Applicant acknowledges that previous issuance of a concealed firearm permit does not guarantee renewal, but contends that DCI's decision was arbitrary because the denial was based on facts that were present when his previous permit was issued. Subsection § 6-8-104(s) states, "The permit shall be renewed to a *qualified applicant* upon receipt of the completed renewal application . . . ." Wyo. Stat. Ann § 6-8-104(s) (emphasis added). Wyoming Rules and Regulations 015.0001.2 § 1(xi) defines "Qualified Applicant" as "a person who meets all criteria in W.S. § 6-8-104, whether seeking a new or renewal permit[.]" Rules, Wyo. Att'y Gen., ch. 2, § 1(a)(xi) (2017). Each concealed firearm permit application is evaluated independent of any previous permit issuance.

[¶14] Still, agency action is "arbitrary and capricious if 'the agency offers insufficient reasons for treating similar situations differently.'" *Exaro Energy III, LLC v. Wyo. Oil & Gas Conservation Comm'n*, 2020 WY 8, ¶ 23, 455 P.3d 1243, 1251 (Wyo. 2020) (quoting *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1022 (D.C. Cir. 1999)). "A fundamental norm of administrative procedure requires an agency to treat like cases alike. If [the] agency makes an exception in one case, then it must either make an exception in a similar

---

applicant's mental or psychological state, as demonstrated by a past pattern or practice of behavior, or participation in incidents involving a controlled substance, alcohol abuse, violence or threats of violence as these incidents relate to criteria listed in this section. . . . The chief of police shall submit written comments to the division under the guidelines prescribed in this section.

Wyo. Stat. Ann. § 6-8-104(g) (LexisNexis 2021).

case or point to a relevant distinction between the two cases." *Id.* (quoting *Weststar Energy, Inc. v. Fed. Energy Regul. Comm'n*, 473 F.3d 1239, 1241 (D.C. Cir. 2007)). Here, there are differences between Applicant's previous application and his renewal application. From 2015, when Applicant's previous concealed firearm permit was issued, until January 29, 2021, when he applied for renewal, Applicant had numerous law enforcement contacts. Nine of these were related to domestic disturbance, burglary, or hit-and-run. These contacts create a clear distinction between the two applications.

[¶15] Applicant also asserts that the Sheriff's recommendation is a *suggestion* that DCI is not obligated to follow and should not follow if it does not note a change of circumstances. Wyo. Stat. Ann. § 6-8-104 grants broad discretion to DCI in the issuance of concealed firearm permits. *Mecikalski*, 2 P.3d at 1046. Subsection § 6-8-104(m)(ii) provides that DCI may deny a permit where age or safety requirements are not met, or where information obtained from law enforcement provides a reasonable basis for denial. Wyo. Stat. Ann. § 6-8-104(m)(ii).

[¶16] The statute does not obligate DCI to follow the law enforcement recommendations. However, it "demonstrates a legislative intent [for DCI] to rely heavily upon the expertise of local law enforcement officials in making judgments about individuals who seek concealed firearm permits." *Mecikalski*, 2 P.3d at 1046. Concealed firearm permits are valid throughout the State of Wyoming and in many of our sister states; this means a large community must be considered when determining whether an applicant is qualified for such a permit. *Id.* at 1047. Accordingly, it makes sense that the legislature intended DCI's decision to be highly deferential to law enforcement recommendations. *Id.* at 1046–47. Nonetheless, those recommendations need to contain more than a mere statement of opinion.

[¶17] *Mecikalski* looked to two cases for guidance on the question of reliance upon law enforcement's recommendations in granting or denying a concealed firearm permit.

[¶18] The first case, *Ambrogio v. Board of Firearms Permit Examiners*, notes that while the relevant statute provides for deference to law enforcement, law enforcement's recommendation is not without limits and cannot be used "against an applicant without a reasonable basis." *Ambrogio v. Bd. of Firearms Permit Exam'rs*, 607 A.2d 460, 464 (Conn. Super. Ct. 1992).

[¶19] The second case, *McIntyre v. Page County Sheriff's Office*, similarly states that the "sheriff may deny a permit because of certain conduct, but the conduct must have a rational[] connection to the denial." *McIntyre v. Page Cnty. Sheriff's Off.*, 538 N.W.2d 305, 308 (Iowa Ct. App. 1995).

[¶20] It is not enough for law enforcement to submit a report that provides a recommendation to deny a permit without explanation. The statute requires that the report

also contain reasons for that recommendation, and those reasons must be supported by facts related to the criteria in the statute that establish reasonable grounds to believe the Applicant would be a "danger to himself or others, or to the community at large" standard. Wyo. Stat. Ann. § 6-8-104(g). Here, the Sheriff's limited narrative referring simply to Applicant's "extensive history of domestic violence, sex crimes, alcohol crimes, [and] property crimes from 1988–present" falls short of what the statute anticipates. The recommendation did, however, prompt DCI to inquire further into Applicant's history with law enforcement.

[¶21] On its inquiry, DCI received Information Sheets which revealed that, while Applicant did not have any convictions in the preceding five years, he did have many contacts with law enforcement and was listed as a suspect nine times. We have found that police contacts alone may be sufficient for denial. *See Mecikalski*, 2 P.3d at 1046 (finding reasonable, DCI's denial based on applicant having over sixty police contacts and no convictions). Additionally, even "a single instance in which the applicant manifested danger to himself or others" could provide reasonable basis for denial. *Griess*, 932 P.2d at 739. Despite our concern about the sufficiency of the Sheriff's initial report, we find Applicant's police contacts in the five years preceding his request for a renewal provide reasonable basis for DCI to deny him a concealed firearm permit.

## *CONCLUSION*

[¶22] DCI's decision to deny issuance of a concealed firearm permit was not arbitrary, capricious, and otherwise not in accordance with the law. Affirmed.

7